## Marshall v. The State.

*Indictment for Selling Liquor to Minor.*

1. *Selling liquor to minor; who is within statute.* — A barkeeper, whose business is to sell liquors, is within the prohibition of the statute against selling liquor to minors (Rev. Code, § 3619), whether he is the owner of the saloon or liquors, or merely employed to sell the liquors.

2. *Same; opinion of witness as to age of alleged minor.* — On a trial under an indictment for selling liquor to a minor, the defendant having been allowed to prove that the minor to whom the liquor was sold was a mature-looking person, whose appearance was calculated to produce the belief that he had attained his majority, he cannot be allowed to ask the witness " if he would not take him to be twenty-one years old."

3. *Same; charge to jury as to intent.* — In such case, a charge which instructs the jury, that the fact of the 'minority of the person to whom the liquor was sold is conclusive of the defendant's intention, is erroneous.

FROM the Criminal Court of Dallas.
Tried before the Hon. GEO. H. CRAIG.

[Boulo v. State.]

JASPER N. HANEY, for the defendant.

BEN. GARDNER, Attorney General, *contra*.

B. F. SAFFOLD, J. — The appellant was convicted under an indictment for selling liquor to a minor.

A barkeeper, whose business is to sell fermented, vinous, or spirituous liquors, is within the meaning of R. C. § 3619, which prohibits any person who keeps these liquors from selling them to minors, &c., whether he owns the saloon or the liquors, or is merely employed to sell them.

The intention of the accused is an essential ingredient in this offence. But, in most cases, the act is conclusive evidence of the intention. When the facts which constitute the offence are proved, the burden is thrown upon the defendant to show that he was imposed on. In this instance, he was allowed to prove that the minor was a mature looking person, whose appearance was calculated to produce the belief that he had attained his majority. But the court properly refused to let him ask the witness whether he would not take him to be over twenty-one years old. He would not have liked an answer against him, or to have had a favorable answer offset by the opinion of an adverse witness.

Without considering separately the several charges given and refused, it is sufficient to say, the court erred in instructing the jury that the fact of minority was conclusive of the intention of the defendant. In such case, the burden of proof is on the defendant, and he must prove his good intention, beyond a reasonable doubt. The jury must believe that he was honestly and truly misled or imposed on. Without this, the law would be of little avail for the protection of the very youth for whom it was intended, to wit, those approaching nearly their majority.

The judgment is reversed, and the cause remanded.