(75 South. 828)

### FAIR v. STATE. (8 Div. 509.)

(Court of Appeals of Alabama. May 15, 1917.)

1. INTOXICATING LIQUORS ☞198—VIOLATION OF PROHIBITION LAW—SUFFICIENCY OF AFFIDAVIT.

In a prosecution for violation of the prohibition law, affidavit *held* to sufficiently comply with Acts Sp. Sess. 1909, p. 90, § 29½, providing that it is sufficient for such affidavit to charge that defendants sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law, etc.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 218.]

2. INTOXICATING LIQUORS ☞167—VIOLATION OF PROHIBITION LAW—KEEPING FOR SALE —POSSESSION BY BOARDER.

A conviction for keeping intoxicating liquors for sale cannot be predicated on evidence, showing that defendant's boarder kept such liquor locked in a trunk in his room.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 182, 183.]

3. INTOXICATING LIQUORS ☞236(7)—VIOLATION OF PROHIBITION LAW—KEEPING FOR SALE—SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to connect the defendant with a possessory interest in whisky found upon his premises, and to warrant a verdict of conviction for keeping such liquor for sale.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 309.]

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

William Fair was convicted of violation of the prohibition law, and he appeals. Reversed and remanded.

The defendant was tried and convicted for violating the prohibition law, and from the judgment he appeals.

The defendant was charged, by an affidavit, with selling, offering for sale, keeping for sale, or otherwise disposing of spirituous, vinous, or malt liquor. The affidavit, after the formal parts, was in these words:

"Before me, Thos. W. Wert, judge of said court, this day personally appeared Jeptha V. May, who being by me duly sworn, doth make oath that he has probable cause for believing, and does believe, that within 12 months before making this affidavit William Fair sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law, against the peace and dignity of the state of Alabama."

This affidavit was demurred to, and the demurrer overruled. Upon the trial the following facts may be said to be undisputed: On January 29th the raid was made on the house of Mr. and Mrs. William Fair, where they were residing as man and wife. Living with them was the daughter of Mrs. Fair by a former husband, and it also appears from the testimony that one Jno. Flynn roomed at the house and had a trunk there. The officers found 37 half pints of whisky in the room occupied by Flynn and locked in a trunk in the room. Three quarts of whisky were found in a room upstairs in a trunk, two quarts of which was claimed by the daughter and one quart by Mrs. Fair. In the trunk with the 37 half pints was some money. When the trunk was found to be locked, Mrs. Fair stated it was Jno. Flynn's trunk, and she would go and get the key, and she went off in the direction of where Flynn was at work, and returned with the key. The trunk of the daughter was broken open in the absence of the daughter, and the three quarts of whisky found, the presence of which she undertakes to explain in her testimony. Jno. Flynn has never claimed the whisky or the money, and has not been seen in that community since that time. The defendant was not present when the search began, but came in while it was in progress. It is not shown that the defendant made any claim to the whisky or exercised any dominion over it. It further appears that the house belonged to Mrs. Fair, she owning it and living in it before and after her marriage to defendant. It is not disputed that the trunk in which the 37 half pints were locked with the money belonged to and was the property of Jno. Flynn, and that the trunk in which were the three quarts was the property of the daughter. The return on the writ shows that the half pints were found in the trunk of Jno. Flynn.

At the conclusion of the evidence the state elected to prosecute for "keeping whisky for sale." There were numerous objections to testimony and to the refusal of the court to give charges and to parts of the court's general charge; and after judgment of conviction defendant moved for a new trial on many grounds, some of which it is unnecessary to mention.

Wert & Lynne, of Decatur, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] Under the authority of section 29½ of the act of the Legislature (Acts Sp. Sess. 1909, p. 90), and Richmond v. State, 4 Ala. App. 140, 58 South. 973, we are of the opinion that the affidavit sufficiently meets all legal requirements.

[2] The pertinent question as presented by this record is: Was there sufficient evidence to go to the jury upon which they would be warranted in returning a verdict of conviction for crime? There is no doubt, and the court in its general charge correctly stated that "A person may have possession [of a house]; yet not have title to it." But if a

person has possession of a house and has boarders to whom he rents rooms, and one of those boarders has locked in his trunk in his own room 40 half pints of whisky, does that fact render the party in possession of the residence liable to a criminal prosecution for violating the prohibition law? Or should a visitor in a private house have in his room and locked in his trunk an amount of whisky exceeding the amount allowed, would this render the hosts liable to a prosecution? Or, if a person owning and possessing a house, which he is using as a private house, except that he has one boarder, who has a room there, and that boarder has locked in a trunk in his room 37 half pints of whisky, would that fact authorize a jury to convict the possessor of that house for keeping whisky for sale? Such is not the law.

[3] There is not enough evidence in the record of this case to connect the defendant with a possessory interest in the whisky found to warrant a verdict of conviction (Oldacre v. State, ante, p. 151, 75 South. 827), and therefore the trial court erred in overruling the defendant's motion for a new trial.

It is unnecessary to consider the other assignments.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.