BAENDER *v.* BARNETT, AS SHERIFF OF ALAMEDA COUNTY, CALIFORNIA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 614. Argued January 11, 1921.—Decided February 28, 1921.

1. Criminal Code, § 169, declaring that whoever, without lawful authority, shall have in possession any die in the likeness or similitude of a die designated for making genuine coin of the United States shall be punished, is not intended to make criminal a possession which is not conscious and willing. P. 225.
2. A statute defining a crime in general terms should be so construed as to avoid manifest injustice and possible unconstitutionality. *Id.*
3. In appropriate, if not necessary, support of the power to coin and regulate the value of money (Const. Art. I, § 8, cl. 5), Congress has power to penalize the conscious and willing possession of dies, as in Crim. Code, § 169. P. 226.
4. The clause relating to the punishment of counterfeiting securities and coin (Const. Art. I, § 8, cl. 6), is not a limitation upon the power to protect the coinage. *Id.*

Affirmed.

THE case is stated in the opinion.

*Mr. Levi Cooke*, with whom *Mr. Albert E. Carter* was on the briefs, for appellant.

*Mr. Assistant Attorney General Stewart*, with whom *Mr. H. S. Ridgely* was on the brief, for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is an appeal from an order denying a petition for a writ of *habeas corpus*. The petitioner was indicted under

§ 169 of the Criminal Code, which declares that "whoever, without lawful authority, shall have in his possession" any die in the likeness or similitude of a die designated for making genuine coin of the United States shall be punished, etc. The indictment charged that he "wilfully, knowingly" and without lawful authority had in his possession certain dies of that description. He entered a plea of guilty and was sentenced to pay a fine and suffer a year's imprisonment. He made an explanatory statement to the effect that the dies were in some junk he had purchased and that he did not know at the time of their presence nor of their coming into his possession; but, so far as appears, the statement was made without his being under oath and with the purpose only of inviting a lenient sentence.

Originally the statute contained the qualifying words "with intent to fraudulently or unlawfully use the same," c. 127, § 1, 26 Stat. 742, but they were eliminated when it was incorporated into the Criminal Code, c. 321, § 169, 35 Stat. 1088, 1120.

The petitioner makes two contentions. One is that the statute is repugnant to the due process of law clause of the Fifth Amendment in that it makes criminal a having in possession which is neither willing nor conscious. The District Court in denying the petition held otherwise, saying that the statute rightly construed means "a willing and conscious possession;" and the court added: "Such is the possession intended by the indictment, and such is the possession, the petitioner having pleaded guilty to the indictment, that he must be held to have had. Otherwise he was not guilty. He might have pleaded not guilty, and upon trial shown that he did not know the dies were in his possession."

We think the court was right. The statute is not intended to include and make criminal a possession which is not conscious and willing. While its words are general,

'they are to be taken in a reasonable sense and not in one which works manifest injustice or infringes constitutional safeguards. In so holding we but give effect to a cardinal rule of construction recognized in repeated-decisions of this and other courts. A citation of three will illustrate our view. In *Margate Pier Co.* v. *Hannam*, 3 B. & Ald. 266, 270, Abbott, C. J., quoting from Lord Coke, said: "Acts of parliament . . . are to be so construed, as no man that is innocent, or free from injury or wrong, be by a literal construction punished or endamaged." In *United States* v. *Kirby*, 7 Wall. 482, 486, this court said: "All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter. The common sense of man approves the judgment mentioned by Puffendorf, that the Bolognian law which enacted, 'that whoever drew blood in the streets should be punished with the utmost severity,' did not extend to the surgeon who opened the vein of a person that fell down in the street in a fit. The same common sense accepts the ruling, cited by Plowden, that the statute of 1st Edward II, which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire—'for he is not to be hanged beca he would not stay to be burnt.'" And in *United St*... *es* v. *Jin Fuey Moy*, 241 U. S. 394, 401, we said: "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score."

The other contention is that the clause in the Constitution empowering Congress "to provide for the punishment of counterfeiting the securities and current coin of

the United States," Art. I, § 8, cl. 6, is a limitation as well as a grant of power, that the act which the statute denounces is not counterfeiting, and therefore that Congress cannot provide for its punishment. The contention must be rejected. It rests on a misconception not only of that clause but also of the clause investing Congress with power "to coin money" and "regulate the value thereof," Art. I, § 8, cl. 5. Both have been considered by this court, and the purport of the decisions is (1) that Congress not only may coin money in the literal sense but also may adopt appropriate measures, including the imposition of criminal penalties, to maintain the coin in its purity and to safeguard the public against spurious, simulated and debased coin; and (2) that the power of Congress in that regard is in no wise limited by the clause relating to the punishment of counterfeiting. *United States* v. *Marigold,* 9 How. 560, 567–568; *Legal Tender Cases,* 12 Wall. 457, 535–536, 544–545. It hardly needs statement that in the exertion of this power the conscious and willing possession, without lawful authority, of a die in the likeness or similitude of one used or designated for making genuine coin of the United States may be made a criminal offense. If this be not a necessary it is at least an appropriate step in effectively suppressing and preventing the making and use of illegitimate coin.

*Final order affirmed.*