## SHERRELL v. STATE. (5 Div. 415.)

(Court of Appeals of Alabama. Dec. 19, 1922.)

1. Intoxicating liquors ⬅═238(2) — General charge for defendant accused of possessing still held properly denied.

Where state's evidence tends to prove that within the time covered by the indictment a

still was found on premises belonging to accused, and other circumstances tended to connect accused with the possession, the general charge for accused was properly denied.

**2. Intoxicating liquors ⬅131, 229—Knowledge an element of crime of possessing still; evidence held admissible to show guilty knowledge of still constructively in defendant's possession.**

Where state's evidence establishes constructive possession of a still, guilty scienter must also be proven to establish intent, which is a material ingredient ₊of the crime of possessing a still; to this end any evidence, however slight, is relevant and competent, and testimony as to wagon and man tracks from still on defendant's land leading to defendant's house is admissible, not to identify defendant, but as tending to prove communication between the still and defendant's home.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Wess Sherrell was convicted of possessing a still, and he appeals. Affirmed.

Hines & Walton, of La Fayette, for appellant.

It was error to admit evidence of tracks without showing they were made by defendant. 118 Ala. 79, 23 South. 776; 77 Ala. 66; 124 Ala. 106, 27 South. 320. The state failed to discharge the burden of proof to show that defendant was guilty beyond a reasonable doubt, and defendant was entitled to the affirmative charge. 115 Ala. 142, 21 South. 983; 107 Ala. 110, 18 South. 284; 108 Ala. 18, 18 South. 811.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] The state's evidence tended to prove that, within the time covered by the indictment, a still to be used for the purpose of manufacturing prohibited liquors was found on the premises of the defendant in Chambers county, Ala. There were some other circumstances proven, tending to connect the defendant with the possession. This being the case, the court properly refused to give the general charge as requested by defendant.

The testimony as to wagon tracks and man tracks leading from the still to defendant's house was competent, along with other circumstances proven, to establish a guilty scienter on the part of defendant. Salter v. State, 17 Ala. App. 517, 85 South. 847. The state's evidence, if believed by the jury, established the constructive possession of the still, but before a conviction can be had on a charge of this character, there must be a guilty scienter proven, without which there can be no intent, a material ingredient of the crime charged. Gordon v. State, 52 Ala.

308, 23 Am. Rep. 575; Marshall v. State, 49 Ala. 21. Therefore the constructive possession being established, any evidence, however slight, tending to show that the defendant knew or had reason to know that the still was on his premises, would be competent and relevant. 3 Greenleaf on Ev. 31; Cohen v. State, 16 Ala. App. 522, 79 South. 621. The tracks are admissible, not to identify the defendant, but as tending to prove communication between the still and defendant's home, which, taken with other circumstances, would authorize the jury to conclude that defendant knew of the still and its location.

We find no error in the record, and the judgment is affirmed.

Affirmed.