FREDERICK v. STATE.    (2 Div. 306.)

(Court of Appeals of Alabama.    Sept. 2, 1924. Rehearing Denied Oct. 28, 1924.)

1. Intoxicating liquors ⬅➡236(6½)—Evidence held insufficient to convict of possession.

The finding of large quantity of whisky on land occupied by accused and others *held* insufficient evidence to support conviction of possession.

2. Constitutional law ⬅➡266—Due process precludes conviction, unless state meets burden of proof.

The due process provision of Const. 1901, § 6, negatives the right of judge or jury to convict for any crime until state has made out its case beyond all reasonable doubt and to a moral certainty.

3. Criminal law ⬅➡991(½)—Judgment of conviction and sentence of accused held erroneous in form and substance.

Judgment of conviction and sentence of accused *held* erroneous in form and substance, under Code 1907, § 7634.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Ed. Frederick was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Certiorari denied by the Supreme Court in Ex parte State ex rel. Atty. Gen. (Frederick v. State) 212 Ala. 158, 102 So. 147.

The minute entry as shown by the record is, in part, as follows:

"This day came the state of Alabama by its solicitor, J. H. James, and also came the defendant in his own proper person, and is $500, together with all the cost of this prosecution; and the defendant failing to pay said fine of $500 and the cost of this prosecution, he is sentenced by the court to perform hard labor of Bibb county for six months in lieu of the payment of the fine. It is further considered by the court, and it is the judgment of the court, that the state of Alabama for the use of Bibb county have and recover of the defendant the said sum of $500 together with all the cost of this prosecution for which let execution issue."

Frank Head, of Centerville, for appellant.

Counsel argues the insufficiency of the evidence and cites 10 R. C. L. 1007; Hill v. State, 19 Ala. App. 483, 98 So. 317; Dawkins v. State, 19 Ala. App. 501, 98 So. 492; Wheat v. State, 19 Ala. App. 538, 98 So. 698; Knight v. State, 19 Ala. App. 296, 97 So. 163; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Watts v. State, 19 Ala. App. 549, 98 So. 914; Guin v. State, 19 Ala. App. 67, 94 So. 788; Ballentine v. State, 19 Ala. App. 261, 96 So. 732; Moon v. State, 19 Ala. App. 176, 95 So. 830; Seigler v. State, 19 Ala. App. 135, 95 So. 563.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius and Lamar Field, Asst. Attys. Gen., for the State.

As to the sufficiency of the evidence counsel cite Lovell v. State, 18 Ala. App. 555, 93 So. 216; Connally v. State, 18 Ala. App. 667, 94 So. 134.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Reported in full in the Southern Reporter; not reported in full in Alabama Reports.

BRICKEN, P. J. [1, 2] This cause was tried by judge of·the court without the intervention of a jury. The appellant was convicted under an indictment charging him with the unlawful possession of spirituous, vinous, or malt liquors, and appealed.

The undisputed evidence in this case tended to show that the searching officers found and destroyed a large quantity of corn whisky in an inclosure containing 200 or 300 acres of land, and that the defendant's house was in this inclosure. By witness Dave Mooreland, who actually stepped the distance, it was shown that the "cane patch" where the whisky was·found buried or hidden was 409 steps from defendant's house. And by state witness Roby it was shown that "a road went·around on the other side all the way round." The testimony showed that a path led from defendant's gate to the cane patch, and on through it to a negro's house some distance away. It was shown without conflict that the inclosure in question, within which the whisky was alleged to have been found, was occupied and in the possession of several other parties besides the defendant, and that the land in said inclosure was being cultivated at that time by 'numerous parties. Without conflict also it was shown by two or three witnesses that the cane patch where the whisky was found belonged to one George Burke, and not to the defendant; that the cane patch had been planted by said Burke, and had been cultivated for said Burke by witness John Burnett.

At the time the whisky was found and destroyed the defendant was not at home, and the only incriminating fact, if such it can be termed, against this defendant was the fact that his house where he lived was within the large inclosure where the whisky was found. There appears from the evidence no other fact or circumstance tending to show any connection of the defendant with the whisky in question, and to hold the defendant to be guilty under such evidence resort to guesswork or conjecture of necessity must be indulged, for the facts adduced do not even rise to the dignity of a suspicion that he was in possession of said whisky. The cane patch was far distant from defendant's home. The cane patch did not belong to defendant, nor did he exercise any dominion or control over it, nor was it shown by any of the evidence that he had ever entered or been near the cane patch in question. To convict this defendant of the unlawful possession of the liquor in question under these facts would be the usurpation of judicial authority not conferred by law. The measure of proof necessary and the burden resting upon the state was to show by the evidence, and the evidence alone, that the defendant was guilty as charged beyond all reasonable doubt and to a moral certainty. This bur-den the state failed to meet, and the evidence adduced was not sufficient to overcome the presumption of innocence which attended the accused upon this trial. For illustration, had a man been foully murdered and his body found in said cane patch under the conditions detailed here, would the court sustain a verdict for murder against this defendant because of that fact alone, and without more? We think not, and, if such action were taken, the prejudicial error in so doing could not be sustained.

This court has many times announced that the same rules of evidence and procedure obtain in prosecutions for a violation of the laws enacted for the suppression of the evils of intemperance, as in all other criminal prosecutions, and until the state makes out its case by meeting the burden resting upon it courts or juries have no right or authority to convict, for the fundamental law of the land is that in all criminal prosecutions the accused * * * shall not be deprived of life, liberty, or property, except by due process of law. Const. 1901, § 6.

[3] The judgment of conviction, also the sentence of the defendant, as they appear in this record, are erroneous in form and substance. Section 7634, Code 1907.

For the errors designated the cause is re-·versed and remanded.

Reversed and remanded.