(104 So. 351)

### STRICKLAND v. STATE.    (4 Div. 72.)

(Court of Appeals of Alabama. May 12, 1925.)

1. **Intoxicating liquors ⬖238(1) — Guilty knowledge of presence of whisky in defendant's house held for jury.**

Discovery of whisky in defendant's residence *held* sufficient, with other evidence, to take to jury question of guilty scienter, though defendant was not at house when officers came.

2. **Criminal law ⬖829(1)—Refusal of charge substantially covered by charge given not error.**

Refusal of charge, substantially covered by charge given at defendant's request, is not error.

3. **Intoxicating liquors ⬖236(7)—Evidence of bare possession with guilty knowledge of presence in defendant's residence insufficient to sustain conviction of possession for sale.**

Under Code 1923, § 4685, mere possession of prohibited liquors in building used exclusively for dwelling is not prima facie evidence that they were kept for sale, and evidence of bare

possession and defendant's guilty knowledge of presence of whisky in his residence is insufficient to sustain conviction of possession for sale.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

J. Evan Strickland was convicted of possessing or keeping for sale, prohibited liquor, and he appeals. Reversed and remanded.

Charge B, refused to the defendant, is as follows:

"If you believe the evidence, you cannot convict the defendants for selling, offering for sale, or keeping for sale prohibited liquors."

Powell & Reid, of Andalusia, for appellant.

The finding of liquor in a building used exclusively for residence purposes is not prima facie evidence that such liquor is kept for sale. Code 1923, § 4685.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge B was properly refused. Code 1923, § 4685.

SAMFORD, J. [1] The whisky which forms the basis of this prosecution was found by the officers in the residence of defendant, one bottle full was in a closet in the dining room, and one half-gallon jar was in a back room covered up. The defendant was not at the house when the officers came, but there were other facts and circumstances in evidence which, taken in connection with the above, were sufficient to go to the jury on the question of a guilty scienter on the part of the defendant, and differentiates this case from Ammons v. State (Ala. App.) 101 So. 511.[1] The affirmative charge was properly refused.

[2] Charge 1, refused to defendant, was substantially covered by charge C, given at defendant's request.

[3] Under section 4685 of the Code of 1923, the mere possession of prohibited liquors in a building used exclusively for a dwelling is not prima facie evidence that the whisky was kept for sale. The only evidence connecting this defendant with the whisky in question was a bare possession, coupled with certain facts and circumstances from which inferences could be drawn, that he had the whisky in his residence, and that he had a guilty knowledge of its presence there. There was no evidence which would warrant an inference by the jury that he had the whisky for sale. Charge B, requested by defendant, should have been given, and for the error in refusing it this judgment is reversed and the cause is remanded.

Reversed and remanded.

[1] Ante, p. 283.