(104 So. 678)

### GUILFORD v. STATE. (4 Div. 9.)

(Court of Appeals of Alabama. May 26, 1925.)

**Intoxicating liquors ☞236(6½) — Conviction for possession of liquor found off the premises not sustained by evidence.**

In prosecution for violating liquor law, evidence *held* insufficient to convict female defendant, of good character, of possession of liquor found 15 or 20 feet from her house.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Donie Guilford was convicted of unlawfully having in possession spirituous liquors, and she appeals. Reversed and remanded.

O. S. Lewis, of Dothan, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of unlawfully having in possession spirituous liquors, and appeals.

The evidence, in its strongest aspects, for the state was as follows: The sheriff, and a number of other officers searched the defendant's dwelling house and premises. Nothing was found in the house. There was no fence around the yard, but same was open to the street. In a small, imperfect inclosure, denominated a chicken yard, and which opened into the house yard without obstruction, 25 half gallons of rum were found. It could be seen from the street; in fact, the sheriff, who remained in the car in the street while the search was being made, was the first to discover the liquor, and point it out to the other officers. The place where the liquor was found was 15 or 20 feet from the southeast corner of the small house occupied by the defendant, and where she was while the search was being made.

The defendant denied any ownership in, or knowledge with reference to, the liquor. It was shown without dispute that one Shang Culver, a man, resided at that house with defendant. Her character and reputation were shown by the evidence in the record, without dispute, to be good. This was substantially all the evidence.

While it is possible under the evidence for the defendant to be guilty, yet we are of the opinion that the evidence falls short of meeting the degree of proof required in criminal cases; and the trial court erred in overruling defendant's motion for a new trial. Fair v. State, 16 Ala. 152, 75 So. 828.

Reversed and remanded.