(108 So. 614)

### ROBINSON v. STATE. (4 Div. 201.)

(Court of Appeals of Alabama. May 11, 1926.)

**l. Intoxicating liquors ⬅⟹238(1).**

Affirmative charge, in prosecution for·unlawfully possessing prohibited liquors, *held* properly refused, where evidence was sufficient for jury on question of guilty scienter on part of defendant.

**2. Intoxicating liquors ⬅⟹236(4).**

That whisky found on defendant's premises was in a room rented to another is not conclusive of innocence of owner of premises.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Willie Robinson was ·convicted of violating the prohibition laws, and he appeals. Affirmed.

Guy W. Winn, of Clayton, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

Briefs of respective counsel did not reach the Reporter.

RICE, J. The defendant was convicted of unlawfully possessing prohibited liquors. The only questions presented by this appeal grow out of the court's refusal of two charges requested by the defendant—one, the affirmative charge, and the other in this form:

"The court charges the jury if they believe from the evidence that the whisky was found in a room of the house of defendant, but which at the time was rented to Pete Warner, and occupied by said Warner, by the defendant, then you cannot convict the defendant."

[1] The facts and circumstances in evidence were sufficient to go to the jury on the question of guilty scienter on the part of defendant. The affirmative charge was properly refused.

[2] If the charge above quoted were not subject to criticism as being confused, it does not correctly state the law. Where whisky is found upon one's premises, the mere fact that it was in a room rented to another is not conclusive of the innocence of the owner of the premises. Strickland v. State, 20 Ala. App. 600, 104 So. 351.

The judgment is affirmed.

Affirmed. .