(113 So. 777)

No. 28577.

### STATE v. CLARK.

May 23, 1927. Rehearing Denied July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors**  ⟜239(3)—**Requested instruction defendant did not possess liquor on premises without knowledge or consent held not responsive to facts.**

Refusing instructions to effect that defendant could not be guilty of possessing intoxicating liquor for sale for beverage purposes unless liquor found on premises in possession of his wife and son was in their possession with his knowledge and consent *held* properly refused as not responsive to facts proved, since finding liquor on premises of which defendant has possession and control creates rebuttable presumption that liquor was in his possession.

2. **Criminal law**  ⟜763, 764(1)—**Instructions on guilt of one on whose premises liquor was found held properly refused as bearing on facts only.**

Instructions to effect that there must be affirmative showing that liquor was in possession of defendant's wife and son with his knowledge and consent before he could be found guilty of possessing intoxicating liquor for sale for beverage purposes *held* properly refused as bearing on facts only; to wit, on sufficiency of evidence to establish fact that liquor was in possession of defendant himself, and not in sole possession of wife and son.

3. **Criminal law**  ⟜763, 764(13)—**Instructions on guilt of defendant, where liquor was found on premises, held properly refused as charging that circumstantial evidence is not sufficient.**

In liquor prosecution instructions to effect that defendant could not be found guilty of possessing intoxicating liquor for sale for beverage purposes in absence of affirmative showing that intoxicating liquor was in possession of defendant's wife and son with his knowledge and consent *held* properly refused as charging that circumstantial evidence did not suffice in such case.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

George Clark was convicted of possessing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

J. W. Elder, of Farmersville, for appellant.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J. The defendant was convicted of possessing intoxicating liquor for beverage purposes. His appeal brings up four bills of exception reserved to the refusal of the trial judge to give four special charges. The charges requested are given hereinafter, and

were refused by the trial judge substantially because they were "not responsive to the facts proved on the trial."

## I.

In his per curiam to one of these bills the trial judge states the facts to be as follows (Tr. 15):

"The liquor was in the house in which defendant and his family resided. The officers carried a party along with them to buy some whisky from the defendant, and entered the house in front. The wife, apparently suspecting what was on foot, put the liquor in the boy's hands and started him [defendant's small son] out the back way to get the liquor out of the way, doubtless supposing that the officers were going to search the premises. As the boy reached the back door of the house he saw the officers, and instead of fleeing from the premises with the liquor, he dashed it out into the back yard and remained in the house. The only possession that could be imputed to the wife and son was that had by them in trying to run the liquor away from the premises. It was in defendant's house and place of abode when they started off with it. * * * The testimony of the defendant that the liquor was not brought to his house by him, or with his knowledge or consent, is simply the time-worn stock excuse of the bootlegger * * * and is simply so much *bunk* [i. e., sheer nonsense]. * * * "

## II.

The four special charges requested by the defendant, and refused by the court, were as follows:

"(1) That, where the sheriff finds the wife and son of defendant, at defendant's house, actually in possession of one pint of liquor or less, and at the time the defendant is away from home, then unless there is some affirmative showing that the liquor was there either with defendant's knowledge or·consent, defendant cannot be found guilty of the possession of intoxicating liquor for sale for beverage purposes.

"(2) That there must be some affirmative showing that the intoxicating liquor was in the possession of his [defendant's] wife and son with his knowledge and consent before there can be a judgment of guilty.

"(3) That the husband and head of the house is not responsible because of his position for the acts of his wife and son.

"(4) That the possession of the wife and son is not the possession of the husband and father, and there must be some evidence, besides conjecture and supposition, to convict the head of the house of guilt on account of the possession of wife and son."

## III.

[1-3] There are three reasons why these special charges (which are all substantially the same) were properly refused.

(1) Because they are "not responsive [applicable] to the facts proved on the trial." For the finding of liquor on premises of which defendant has possession and control creates a rebuttable presumption that the liquor was in his possession. 33 Corpus Juris, 744. And the trial judge *evidently* did not believe the testimony of which defendant offered to rebut the presumption thus created.

(2) Because the charges requested do not involve propositions of *law*, but propositions bearing on the *facts* only; to wit, on the *sufficiency* of the evidence to establish the fact that the liquor was in the possession of the defendant himself, and *not* in the sole possession of his wife and small son. Cf. State v. Nejin, 140 La. 793, 810, 74 So. 103.

(3) Because to have allowed said charges, bearing as they do upon the weight and effect to be given to the whole evidence adduced in the case, would have been virtually to charge. that *circumstantial evidence* will not suffice for a conviction in a case like this, and that such conviction can be secured only by *direct evidence*. Which, of course, is unsound; there being but one offense known to the law which cannot be proved without direct evidence, to wit, treason. Const. 1921, art. 19, § 3, p. 118.

## Decree.

The judgment appealed from is therefore affirmed.