(114 So. 674)

**HAYES et al. v. STATE.** (5 Div. 684.)

Court of Appeals of Alabama.   Dec. 13, 1927.

C. A. L. Samford, Joe Brown Duke, and Samford & Samford, all of Opelika, for appellants.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J.   Stating the case as made by the record most strongly in favor of the state, it is made to appear or may be inferred that the defendants were operating a chicken farm; that they were in the constructive possession thereof; that Lem Hammond, employed by them for the purpose of operating the chicken farm, lived in the only house on the place and was in the actual possession of the premises; that the officers made a raid and found in the house occupied by Lem Hammond 31 pints of whisky, an empty keg, and some syphons, funnels, etc., and in the woods nearby a number of empty kegs, one of which smelled of whisky. Neither of the defendants was present, nor was it shown how long it had been since either had been on the premises, if ever. The farm was in a remote part of the county. How far from the residence of defendants is not shown.

■ At most, the evidence tends to prove that the defendants were operating a chicken farm through and by the agency of Lem Hammond; that Lem Hammond was in possession of the premises for that purpose; Even this proof was by testimony which was either a conclusion of the witness or was based upon hearsay and would doubtless have been excluded on proper and timely motion. Even with this evidence in and admitting that Lem Hammond was employed by defendants to operate a chicken farm, there is an entire absence of any evidence tending to prove a guilty scienter on the part of these defendants that there was whisky on the premises, without which there can be no criminal intent. Many cases have been decided by this court and other courts of final jurisdiction to sustain this holding, notably Sherrell v. State, 19 Ala. App. 57, 94 So. 781; Gordan v. State, 52 Ala. 308, 23 Am. Rep. 575; Marshall v. State, 49 Ala. 21; Cohen v. State, 16 Ala. App. 522, 79 So. 621; People v. Hurley, 60 Cal. 74, 44 Am. Rep. 55; State v. Drew, 179 Mo. 315, 78 S. W. 594, 101 Am. St. Rep. 474; 17 R. C. L. 73; Frederick v. State, 20 Ala. App. 336, 102 So. 146; State v. Clark (La.) 113 So. 777; Tuggle v. State, ante, p. 89, 112 So. 540.

■ There are certain civil liabilities which may be fastened on a principal through the acts of an agent acting within the line and scope of his authority, and in certain civil actions legal knowledge or notice may be *imputed* to the principal where the fact is known to an agent, but in a criminal prosecution the guilty knowledge must be brought home to the principal by facts or by circumstances from which the jury can find beyond a reasonable doubt that the defendant knew the fact with which he is charged. It was never the intention of the Legislature to render liable to prosecution owners of land upon which stills or prohibited liquors might be found, unless the facts and circumstances

would authorize a jury in finding from the evidence, beyond a reasonable doubt, that such landowner was conscious of the fact that the prohibited article was on his premises and permitted to remain there with his consent. In other words, in contradistinction to a constructive possession, there must be a conscious and substantial possession by the defendants of the prohibited liquor before there can be any sort of criminality. Fair v. State, 16 Ala. App. 152, 75 So. 828; Reynolds v. State (Fla.) 111 So. 285; Baender v. Barnett, etc., 255 U. S. 224, 41 S. Ct. 271, 65 L. Ed. 597.

The defendants were entitled to the affirmative charges as requested, and the refusal of the court to give these charges constitutes reversible error.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.