(114 So. 787)

## CLAYTON v. STATE. (4 Div. 292.)

Court of Appeals of Alabama. Dec. 20, 1927.

Guy W. Winn, of Clayton, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. Appellant was convicted of "having in his possession prohibited beverages illegally." The evidence in this case disclosed that the defendant conducted a pressing shop near the courthouse in the town of Clayton, and that said shop was frequented by large numbers of persons, both white and colored. The testimony of witness Teal, the only state witness, tended to show that he made two searches on the same day of defendant's pressing shop. Nothing was found upon the first search, but upon the second search he testified: "Late that afternoon I went in there, and there was about a half quart of liquor in the back part of his pressing shop." On cross-examination he testified: "Charlie Teal (another deputy) picked it up and handed it to me. There were several negroes in there. I searched them all." That defendant told him "that these sawmill white men came in there." Other testimony disclosed that just before the officers came in the shop and found the bottle in the back part of the shop, three white men came in there and were standing back there talking, and several witnesses heard defendant tell them not to drink back there. The defendant strenuously denied that the bottle containing the liquor belonged to him and insisted he knew nothing of it being in his shop. He testified: "I didn't have any whisky there of my own, and I didn't know of anybody's being in there." That just before the officers came in he saw three white men come in about five or ten minutes before and "they were back there behind the curtain talking, and I seen them with a package under his left arm when he passed me, and they went in the back end."

The defendant's testimony as to his having no knowledge whatever that the whisky was in the back end of his place of business was not disputed, and there was no evidence tending to connect him with the whisky or tending to show that he had any knowledge of the whisky being in his place.

■ The court properly charged the jury, at the request of defendant, that if they believed from the evidence that some person, other than defendant, placed whisky, without the knowledge or consent of defendant, in his, defendant's place of business, then "you cannot convict the defendant." That is the law. In other words, a person cannot be held to account for the unlawful act of another of which unlawful act he had no knowledge of or connection therewith. The mere finding of prohibited liquors upon the premises of a person is not sufficient to fasten guilt or base a conviction, in the absence of any evidence showing or tending to show some knowledge of or connection therewith upon the part of the person accused. As stated in the case of Hayes et al. v. State, ante, p. 264, 114 So. 674:

"In a criminal prosecution the guilty knowledge must be brought home to the principal by facts or by circumstances from which the jury can find beyond a reasonable doubt that the defendant knew the fact with which he is charged. It was never the intention of the legislature to render liable to prosecution owners of land upon which stills or prohibited liquors might be found, unless the facts and circumstances would authorize a jury in finding from the evidence, beyond a reasonable doubt, that such land owner was conscious of the fact that the prohibited article was on his premises and permitted to remain there with his consent. * * * There must be a conscious and substantial possession by the defendants of the prohibited liquor before there can be any sort of criminality." Fair v. State, 16 Ala. App. 152, 75 So. 828; Reynolds v. State (Fla.) 111 So. 285; Baender v. Barnett, etc., 255 U. S. 224, 41 S. Ct. 271, 65 L. Ed. 597; Sherrell v. State, 19 Ala. App. 57, 94 So. 781; Cohen v. State, 16 Ala. App. 522, 79 So. 621; Frederick v. State, 20 Ala. App. 336, 102 So. 146; State v. Clark (La.) 113 So. 777; Tuggle v. State, ante, p. 89, 112 So. 540.

In this latter case this court said:

"Human liberty is too sacred and has been too dearly bought to authorize a conviction, ex-

cept upon legal evidence connecting the defendant with the commission of a crime, and that beyond a reasonable doubt. Facts which would warrant a suspicion, however strong, do not overcome the presumption of innocence."

In the instant case there was no evidence to connect the defendant with the offense charged. To the contrary the undisputed evidence in this case tended to show that the defendant had no knowledge of the prohibited liquor being upon his premises and no connection whatever upon his part therewith. We think it would be unconscionable to permit a conviction to stand under the evidence in this case. " 'All crime exists, primarily, in the mind.' A wrongful act and a wrongful intent must concur, to constitute what the law deems a crime." Gordon v. State, 52 Ala. 308, 23 Am. Rep. 575. For the refusal of the affirmative charge requested by defendant in writing, the judgment of conviction, from which this appeal is taken, is reversed and the cause remanded.

Reversed and remanded.