(120 So. 466)
### RAY v. STATE. (7 Div. 555.)
Court of Appeals of Alabama. Feb. 26, 1929.

Merrill & Jones, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. In Grant v. State, 117 So. 1, this court, by a majority opinion, held that the courts do not judicially know that "home brew" is a brewed or fermented liquor or beverage within the meaning of Code 1923, § 4615, defining prohibited liquors.

In Sharp v. State (Ala. App.) 118 So. 238,[1] the Grant Case was specifically approved on the above holding, and the opinion in the Sharp Case was approved by the Supreme Court. Sharp v. State, 118 So. 239.[2] The state, in recognition of the above rule, introduced evidence tending to prove that the contents of the bottles found contained alcohol.

[1] 22 Ala. App. 562.    [2] 218 Ala. App. 168.

The affidavit charged that defendant possessed "prohibited liquors or beverages, namely, home brew." This was a sufficient charge, and when it was proven that the liquor found was home brew, and that it contained alcohol, the offense was complete so far as the corpus delicti was concerned.

The evidence disclosed that these bottles of "home brew" were found in a stump hole in the woods about 300 yards from defendant's house, and not on his place. There is some evidence from which an inference might be drawn that the defendant knew or suspected that the stuff was hidden in the stump hole, but there is no evidence that would justify the conclusion that defendant had any control over or possession of the bottles found in the stump hole.

The court should have given the general charge as requested by defendant.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

