(126 So. 183)

## LEE v. STATE. (4 Div. 591.)

Court of Appeals of Alabama. Feb. 11, 1930.

E. C. Orme, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ■■ By the holding of the Supreme Court of Alabama in Re Jinright v. State (Ala. Sup.) 125 So. 606,[1] the demurrer to the indictment and other objections thereto interposed by defendant, can avail him nothing. Under said decision, which perforce we must follow (section 7318, Code 1923), the demurrer to the indictment was properly overruled, and the amendment to the indictment, over objection and exception of defendant, likewise was without error.

■■ Upon the theory of the insufficiency of the evidence, and a consequent failure of the state to meet the burden of proof by showing the guilt of the accused beyond a reasonable doubt, the affirmative charge was requested and refused. On this question this court sitting en banc has read the entire evidence in this case, and has reached the conclusion that the affirmative charge should have been given. There was no evidence to connect the defendant with the possession of the prohibited liquor found in his field across

[1] 220. Ala. 268.

the public road and some 75 yards from defendant's house. At most, the evidence adduced could be said to raise a mere suspicion only, and the appellate courts have many times held that convictions for crime cannot be rested upon suspicion, surmise, or conjecture. Upon the trial the evidence disclosed by numerous witnesses, without dispute, that the general character of the accused was good; and previous good character of an accused, in all criminal prosecutions, either for a felony or misdemeanor, is legal evidence for him, and when considered with all the other evidence, may generate a reasonable doubt of his guilt entitling him to an acquittal. Savage v. State, ante, p. 372, 125 So. 790, and cases cited.

■ During the argument of the solicitor to the jury he made the statement, "the defendant has sold liquor before." This record contains no semblance of testimony authorizing or warranting such statement of fact. The statement being unsupported by any evidence, also pertinent to the issues involved upon the trial, and its natural tendency was to influence the finding of the jury, also highly prejudicial; the trial court should promptly have sustained the insistent and timely objection of defendant, and erred to a reversal in overruling same. The exceptions reserved were well taken.

Reversed and remanded.

