(131 So. 4)

## COPE v. STATE.
### 4 Div. 719.

Court of Appeals of Alabama.
Nov. 25, 1930.

R. E. L. Cope, of Union Springs, for appellant.

Charlie C. McCall, Atty. Gen., and R. T. Goodwyn, Jr., Asst. Atty. Gen., for the State.

SAMFORD, J.

Officers searching defendant's house and premises surrounding found two one-gallon jugs of whisky under the floor of an old unused toilet located about ten steps from the back porch of the house in which defendant lived. The defendant was not present when the whisky was found, and disclaimed all knowledge of its being there. The toilet had formerly been used by the occupants of the house, but had been condemned by the health officers, and some three weeks prior to the search, the landlord, from whom defendant rented the premises, built another toilet conforming to sanitary requirements for the use of the occupants of the house, and excluded defendant and his family from the use of the old toilet by notice and by securely nailing up the door. The old toilet was inside of

a wire fence inclosing the dwelling, but this fence was broken down in places, and a path used by the neighborhood ran through the yard and near the old toilet.

The only facts upon which a conviction is claimed are as above stated.

■ Under the facts of this case it may well be doubted that the defendant was even constructively in possession of the whisky. It is true that the little house was within the close occupied by defendant, but the landlord had excluded defendant from this house, which exclusion had been acquiesced in by defendant. Defendant was therefore not in possession of the old toilet, and, not being in the possession of the old toilet, no constructive possession of the whisky found there could be imputed to him.

■ Aside from the above, the rule as laid down by this court and followed in numerous cases is: There can be no conviction for unlawfully possessing whisky unless the facts and circumstances would authorize a jury in finding from the evidence, beyond a reasonable doubt, that defendant, though constructively in possession, was conscious of the fact that the whisky was on his premises and permitted it to remain there with his consent. There is no such evidence in this case. The general charge should have been given for defendant as requested. Hayes v. State, 22 Ala. App. 264, 114 So. 674; Trammell v. Roanoke, 23 Ala. App. 385, 125 So. 795; Ammons v. State, 20 Ala. App. 283; 101 So. 511; Frederick v. State, 20 Ala. App. 336, 102 So. 146; Jacobs v. State, 23 Ala. App. 234, 123 So. 285.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.