146 So. 624

## BUCKNER v. STATE.

### 7 Div. 972.

Court of Appeals of Alabama.

March 7, 1933.

W. T. Starnes, of Pell City, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The appellant was tried, and convicted, upon a complaint filed by the solicitor which charged that "he had in his possession spirituous, vinous or malted liquors or beverages, a part of which was alcohol, in violation of law." No objection by demurrer or otherwise was interposed to the complaint, hence no point of decision in this connection is presented.

On the trial the court permitted the state to offer evidence to the effect that the searching officers found in appellant's barn several sacks of sugar. As afterwards determined by the court, this evidence was foreign to any issue involved upon this trial, therefore illegal and inadmissible, and the court in its oral charge said: "Gentlemen, I think I let some testimony go to you that I made a mistake about, and that is the testimony about that seven sacks of sugar. If this man had been charged about with the manufacture of whiskey, that perhaps, would be admissible, but inasmuch as he is charged only with the possession of whiskey, I have reached the conclusion that that testimony, is not admissible and I am going to exclude it and you will forget it as far as is humanly possible."

The testimony, referred to by the court, in the foregoing remarks, was wholly irrelevant, illegal, inadmissible, and hence incompetent; it should not have been allowed in the first instance. Its tendency was clearly prejudicial and injurious. The appellate courts of this state have repeatedly condemned the practice of admitting illegal evidence and afterwards excluding it, and it has frequently been declared that the practice cannot be encouraged, and when the record shows that anything was wrongfully said or done in the presence of the jury by the court, calculated to produce an impression upon the minds of the jury to the prejudice of the defendant, the case will be reversed. Davis v. State, 18 Ala. App. 482, 93 So. 269; Patterson v. State, 23 Ala. App. 428, 126 So. 420; Stephens v. State, 17 Ala. App. 548, 86 So. 111. As stated in the case of Stephens v. State, 17 Ala. App. 548, 86 So. 111, 112, "We doubt if under the facts in this case, the line of inquiry being given the prominence and scope and emphasis it was, if the court could have so withdrawn it from the jury as not to have injured the defendant." Moreover, this illegal testimony, the record shows, was made the subject of argument by the solicitor in a very insistent and emphatic manner. This argument was never excluded by the court, although motion to this effect was made by counsel for defendant. It seems clear that the court erred in its rulings in permitting this argument to remain with the jury, and that this was highly prejudicial cannot be questioned.

The state's testimony tended to show that several bottles containing whisky were found upon the premises of the defendant some distance from his home and barn. In the total absence of any evidence to connect the accused with the possession of this whisky, his conviction for possession thereof cannot be permitted to stand. The following decisions are conclusive of this proposition and of this appeal: Ammons v. State, 20 Ala. App. 283, 101 So. 511; Johnson v. State, 20 Ala. App. 598, 104 So. 352; Strickland v. State, 20 Ala. App. 600, 104 So. 351; Guilford v. State, 20 Ala. App. 625, 104 So. 678; Allen v. State, 21 Ala. App. 23, 104 So. 867; Tuggle v. State, 22 Ala. App. 89, 112 So. 540; Phillips v. State, 22 Ala. App. 97, 112 So. 810; Williams v. State, 22 Ala. App. 425, 116 So. 413; Copeland v. State, 23 Ala. App. 91, 121 So. 445; Coggin v. State, 23 Ala. App. 135, 122 So. 186; Fennoy v. Hartselle, 23 Ala. App. 294, 124 So. 399; Huckabaa v. State, 23 Ala. App. 333, 125 So. 202; Lee v. State, 23 Ala. App. 403, 126 So. 183; Talbot v. State, 23 Ala. App. 559, 129 So. 323; McKinnon v. State, 24 Ala. App. 537, 137 So. 677.

Reversed and remanded.