190 So. 100

## DUNCAN v. STATE.
### 8 Div. 839.

Court of Appeals of Alabama.

June 13, 1939.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, a man shown to bear a good reputation, was convicted of the offense of unlawfully being in possession of whiskey.

While the testimony is in a somewhat confused condition, it is conceded by the State that "the building in which the grist mill was located consisted of three rooms, two of which were used for the actual operation of the grist mill, and the third, or back room was used for storing tools, shucks, meal, cobs, etc."

And that "it was in this back room of the mill that they (the officers of the law) found approximately one-half gallon of whiskey and eight or ten empty bottles that smelled of whiskey."

It is without dispute that appellant rented the premises from one Scharnagel for the purpose of operating—and that appellant did operate—a grist mill to serve the public. And that said Scharnagel reserved for his own purposes this back room where the whiskey was found.

But that said room, along with the other two in which the grist mill was operated, was open, i. e., unlocked, for the indiscriminate entry of appellant or the "public."

Other than the fact that appellant, at the time the search was made by the officers, and the whiskey found, as above, was in the "mill-house"—to so designate the room in which the grist mill was actually operating—alone, the above is all the evidence tending to connect him in any way with the possession of the whiskey in question.

Obviously, we take it, it was not sufficient to cause the question of appellant's guilt vel non to be submitted to the jury.

Of course the whiskey which was found could have belonged to appellant. But it could, with equal reasoning, have belonged as well to any one of the others shown to have access to the room where it was found. And to allow this conviction to stand would be to allow the jury to simply "guess" that appellant was guilty. Such is not permitted by the law. See—although we do not think any "authority" is needed for this statement—Clayton v. State, 22 Ala.App. 276, 114 So. 787; Hayes et al. v. State, 22 Ala.App. 264, 114 So. 674; Coker v. State, 25 Ala.App. 191, 143 So. 206.

For the error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor the judgment is reversed and the cause remanded.

Reversed and remanded.