40 So.2d 640

### RIDDLESPUR v. STATE.

6 Div. 694.

Court of Appeals of Alabama.
Nov. 16, 1948.

Rehearing Denied Dec. 14, 1948.

Reversed and Remanded on Mandate
May 17, 1949.

J. T. Johnson, of Oneonta, for appellant.

432

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

Defendant was convicted in the court below on a charge of possessing prohibited liquors or beverages.

The only question of material moment which is presented for our review is whether or not the accused was due the general affirmative charge as he requested.

The evidence, without dispute, discloses that the officers found three cans of beer in some weeds or grass eight or ten steps from a path or trail which led from the defendant's residence premises to other houses or places. The beer was located about thirty steps from appellant's back yard.

A short distance outside a garden fence the officers found five pints of whiskey. This place was about fifty steps from defendant's back yard. The testimony discloses that there were seen tracks indicating travel to and fro between appellant's yard and the place where the whiskey was located. It is not made certain whether or not these tracks were made by persons, animal or vehicles.

There were several other occupied houses in the general vicinity. The nearest of these was about one hundred yards distant from the place where the whiskey was found. The evidence bears the fair inference that the community there was rather thickly settled and that there was considerable travel incident thereto.

Appellant lived in his home with his wife and one small child. When the officers first arrived he was sitting on his front porch.

This was substantially all the evidence. The accused did not testify, nor did he offer any evidence in his behalf.

We have come to the conclusion, sitting en banc, that the evidence is not sufficient upon which to sustain a judgment of conviction, and that it was error to refuse the general affirmative charge.

It could serve no good purpose to go into a discussion of our views, nor attempt to collate the evidence to the applicable doctrine. Each case presents its own peculiar facts and circumstances, and it is upon this basis that our decisions must be hypothesized.

The following authorities lend support to our views. An examination of them will lead to the inevitable conclusion that we are in harmony with principles of law of instant concern which have been recognized and developed in the course of judicial decisions. Curlee v. State, 29 Ala.App. 393, 196 So. 747; Campbell v. State, 28 Ala.App. 240, 182 So. 89; Alford v. State, 26 Ala.App. 188, 155 So. 388; Duncan v. State, 25 Ala.App. 197, 143 So. 201; Buckner v. State, 25 Ala.App. 361, 146 So. 624; Coker v. State, 25 Ala.App. 191, 143 So. 206; Eldridge v. State, 24 Ala.App. 395, 135 So. 646; McKinnon v. State, 24 Ala. App. 537, 137 So. 677; Cope v. State, 24 Ala.App. 134, 131 So. 4; Jacobs v. State,

23 Ala.App. 234, 123 So. 285; Fennoy v. City of Hartselle, 23 Ala.App. 294, 124 So. 399; Copeland v. State, 23 Ala.App. 91, 121 So. 445; Lee v. State, 23 Ala.App. 403, 126 So. 183; Ray v. State, 23 Ala.App. 57, 120 So. 466; Posten v. State, 23 Ala.App. 28, 119 So. 863.

The writer is of the opinion that the judgment below should be reversed and the cause remanded. This order seems to conform to the usual practice which has prevailed in this court in reversal of judgment on account of error in refusing the general affirmative charge, as in the instant appeal. This is evinced by the orders in the cases cited above.

My associates, however, entertain the view that in the case at bar the judgment below should be reversed and here rendered. In conformity with this majority opinion, it is so decreed, and the appellant is ordered discharged from further custody.

Reversed and rendered.

PER CURIAM.

Reversed and remanded on authority of Riddlespur v. State, 6 Div. 839, 40 So.2d 641.