**Gerald Edwin McCANN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 7971.**

United States District Court
D. Colorado.

June 3, 1963.

752

James W. Wilson, Denver, Colo., for petitioner.

Lawrence M. Henry, U. S. Atty., Michael C. Villano, Asst. U. S. Atty., Denver, Colo., for respondent.

CHILSON, District Judge.

The petitioner is now confined in a federal institution under a sentence of four years imposed by this court on February 21, 1963, under a plea of guilty to a violation of Title 26 United States Code Section 5841.

He has filed a motion to vacate judgment and sentence under Title 28 United States Code Section 2255, on the grounds that Section 5841 is unconstitutional in that it requires the defendant to be a witness against himself in violation of the Fifth Amendment to the federal Constitution, which provides that no person "shall be compelled in any criminal case to be a witness against himself."

The government opposes the motion on two grounds: first, that the defendant, having failed to raise the question in the criminal prosecution, is barred from raising the question by a proceeding under Section 2255; second, that Section 5841 is not unconstitutional as being in contravention of the Fifth Amendment.

The first question offers no difficulty. Although there is confusion and uncertainty in many respects as to what questions may be reviewed under Section 2255, it was determined in 1879 in Ex parte Siebold, 100 U.S. 371, 25 L.Ed. 717, that an attack upon the constitutionality of an act under which conviction was had and sentence was imposed may be considered on an application for habeas corpus.

The Court there said:

"The question is whether a party imprisoned under a sentence of a United States court, upon conviction of a crime created by and indictable under an unconstitutional act of Congress, may be discharged from imprisonment by this court on habeas corpus, although it has no appellate jurisdiction by writ of error over the judgment."

The Court further said:

"The validity of the judgment is assailed on the ground that the acts of Congress under which the indictments were found are unconstitutional. If this position is well taken, it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment. * * * We are satisfied that the present is one of the cases in which this court is authorized to take such jurisdiction. We think so, because, if the laws are unconstitutional and void, the Circuit Court acquired no jurisdiction of the causes. Its authority to indict and try the petitioners arose solely upon these laws."

Although in certain circumstances the Supreme Court has not applied the rule,[1] the Court has followed this rule in a number of cases[2] and has reaffirmed the rule in the recent case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, decided March 18, 1963. In Fay the Court said:

"The course of decisions of this Court from Lange (Ex Parte Lange, 18 Wall. 163 [21 L.Ed. 872]) and Siebold to the present makes plain that restraints contrary to our fundamental law, the Constitution, may be challenged on federal habeas corpus even though imposed pursuant to the conviction of a federal court of competent jurisdiction."

The attack upon the constitutionality of Section 5841 can be and should be determined on its merits in this proceeding.

The information to which the petitioner pleaded guilty reads as follows:

"That GERALD EDWIN MC CANN, on or about the 31st day of July, 1961, in the City and County of Denver, in the State and District of Colorado, did have in his possession a certain firearm, to-wit: a .22 caliber Page-Lewis rifle, Model D, with 7¾ inch barrell, serial number 6187, sawed off stock, without having registered said firearm, all in violation of Title 26 U.S.C. Section 5841."

■ Section 5841 provides:

"Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with."

The firearm described in the information is within the definition of a firearm set forth in Section 5848.

It will be noticed that the first sentence of Section 5841 requires every person possessing a firearm as defined in the act to register it. However, under the second sentence of that section the possessor is not required to register it if he acquired the firearm by transfer or importation or if he made it and complied with the provisions of the chapter relating to the transfer, importation or making of firearms.

These provisions are contained in Section 5811, requiring payment of a tax upon a transfer of the firearm; 5812(b) relating to exemptions of certain transfers upon disclosure and proof; 5814 relating to the requirements for a transfer of such a firearm, including a written order by the transferee; 5813 requiring stamps to be affixed to the written order showing payment of the tax imposed by Section 5811 upon the transfer; 5844 relating to exportation of such firearms; 5846 incorporating other revenue laws relating to administration and enforcement of taxes and assessments; and 5821 imposing a tax upon and requiring a disclosure of the making of firearms.

It is clear that it is only those persons who have not complied with the applica-

1. Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497; Henry v. Henkel, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203; Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147; In re Lincoln, 202 U.S. 178, 26 S.Ct. 602, 50 L.Ed. 984; Matter of Gregory, 219 U.S. 210, 31 S.Ct. 143, 55 L.Ed. 184.

2. Ex parte Curtis, 106 U.S. 371, 1 S.Ct. 381, 27 L.Ed. 232; Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Matter of Heff, 197 U.S. 488, 25 S.Ct. 506, 49 L.Ed. 848; Baender v. Barnett, 255 U.S. 224, 41 S.Ct. 271, 65 L.Ed. 597; see also discussion in Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982.

ble provisions of these sections who are required by Section 5841 to register firearms.

However, Section 5851 makes non-compliance with the foregoing sections a crime.

Section 5851 provides:

"It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

The defendant contends, therefore, that if he registered the firearm as required by Section 5841, he thereby would have admitted that he had not complied with the applicable provisions of Sections 5811, 5812(b), 5813, 5814, 5844, 5846, or 5821.

Since this non-compliance is a crime under Section 5851, defendant alleges that Section 5841 compels him to be a witness against himself of a violation of Section 5851 contrary to that provision of the Fifth Amendment to the federal Constitution which provides that no person shall be compelled in any criminal case to be a witness against himself.

In support of this contention the defendant cites the case of Russell v. United States, 9th Circuit, 306 F.2d 402. The facts in the Russell case are practically identical to the instant case. In Russell the Court found that the defendant was charged with a violation of Section 5841. The defendant pleaded guilty and was sentenced. By motion under Section 2255 he attacked the constitutionality of Section 5841 on the ground that it compelled him to be a witness against himself in violation of the Fifth Amendment.

The Court in Russell said:

"It follows that any person who, in conformity with section 5841, registers information concerning a firearm, thereby admits that he is in possession of such firearm, and that he did not acquire or make it in compliance with section 5851. By reason of the rebuttable presumption provided for in the last sentence of section 5851, * * * such act of registration also establishes prima facie, that the registrant's possession of the firearm is unlawful under section 5851, either because the weapon was at some time transferred by someone in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or because the weapon was at some time made by someone in violation of section 5821.

"Section 5841 therefore compels every person in possession of a firearm, as defined in the Act, to be a witness against himself concerning compliance with statutes for violation of which there is a heavy penalty."

The Court in Russell concluded that Section 5841 abridged Russell's Fifth Amendment privilege against self-incrimination, and ordered the district court to enter judgment vacating the judgment and sentence in question and discharging Russell forthwith.

We believe that the Russell opinion is well reasoned and its conclusions sound.

We therefore hold that Section 5841 abridges the defendant's rights under the Fifth Amendment and is therefore void. It follows that the conviction and sentence are also void.

It is therefore ordered that the Attorney General of the United States shall release and discharge the petitioner forthwith.

It is further ordered that the execution of this order be stayed in accordance with Rule 62 of the Federal Rules of Civil Procedure.