## BALLENTINE v. STATE. (8 Div. 43).

(Court of Appeals of Alabama. June 5, 1923.)

**1. Criminal law �köw552(3)—Rule for conviction on circumstantial evidence stated.**

If circumstances can be reconciled with the theory that some other person than defendant may have done the act charged, then defendant is not shown to be guilty by degree of proof required.

**2. Intoxicating liquors �köw233(1)—Evidence as to size of cans left by witness about three miles from still held irrelevant.**

In a prosecution for manufacturing intoxicating liquors, where the state introduced evidence as to cans found in the cave, and then proved by a witness the size of cans left by him on the roadside about three miles from the cave, such evidence was irrelevant to any issue and should have been excluded.

**3. Intoxicating liquors �köw236(19)—Circumstantial evidence held insufficient to connect defendant with still.**

In a prosecution for manufacturing intoxicating liquor, evidence of a letter addressed to another party on which was a list of articles purchased by defendant, and the other from a merchant near where the still was found, although found in a coat at the still, *held* insufficient to connect defendant with the manufacture.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Homer Ballentine was convicted of violating the prohibition law and appeals. Reversed and remanded.

The indictment reads:

"The grand jury of said county charge that before the finding of this indictment, and since the 25th day of January, 1919, Homer Ballentine did distill, make or manufacture, alcoholic, spirituous, or malt liquors, a part of which was alcohol, contrary to law.

"The grand jury of said county further charge that before the finding of this indictment Homer Ballentine had in his possession a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing alcoholic, spirituous, or malted liquors, a part of which was alcohol, contrary to law, against the peace and dignity of the state of Alabama."

Simpson & Simpson, of Florence, for appellant.

Evidence which, if offered at all, could only serve to excite the minds of the jury, should not be admitted. 16 C. J. 543. Evidence of the finding, near the scene of the crime, of any article of personal adornment not shown to be connected with the accused, is irrelevant. 16 C. J. 550; Buchanan v. State, 109 Ala. 7, 19 South. 410; Reed v. State, 18 Ala. App. 181, 90 South. 37; People v. Dice, 120 Cal. 189, 52 Pac. 477; State v. Garrington, 11 S. D. 178, 76 N. W. 326; Murrah v. State (Tex. Cr. App.) 63 S. W. 318; Cole v. State, 45 Tex. Cr. R. 225, 75 S. W. 527; Smith v. State, 13 Ala. App. 411, 69 South. 406; Graham v. State, 11 Ala. App. 113, 65 South. 717; Powell v. State, 5 Ala. App. 75, 59 South. 530. Testimony with reference to letters not identified as being in any way connected with or related to defendant should not be allowed. Christian v. State, 46 Tex. Cr. R. 47, 79 S. W. 562. Cole v. State, supra. The second count of the indictment was void. McMullen v. State, 17 Ala. App. 504, 86 South. 175. Although the general verdict may be referred to the first count, there being no evidence to sustain a conviction thereunder, the case should be reversed. Mills v. State, 17 Ala. App. 493, 85 South. 867; Mixon v. State, 14 Ala. App. 11, 70 South. 949; Fair v. State, 16 Ala. App. 152, 75 South. 828. The evidence being circumstantial, if there is a reasonable hypothesis that some other person committed the crime, the defendant should be acquitted. Ex parte Acree, 63 Ala. 234; Gilmore v. State, 99 Ala. 160, 13 South. 536; Jones v. State, 18 Ala. App. 116, 90 South. 135.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The judgment of conviction recites and adjudges defendant guilty under the first count of the indictment, so it will not be necessary for us to consider the second count. The verdict being general, the conviction will be referred to the good count.

The evidence for the state established the fact that on or about December, prior to the finding of the indictment, the officers found a still in a cave in Lauderdale county, and there was sufficient evidence from which the jury might legally draw the conclusion that whisky had been manufactured in the still at

[1] 209 Ala. 490.

a comparatively recent date. No one was at the still when the officers found it, but defendant, who had been in that neighborhood some time prior thereto in company with one Bill Lisle, was arrested and, in conjunction with Lisle, was charged with the possession of the still and of manufacturing whisky thereon.

[1] The burden thereupon rested upon the state of proving, by legal evidence beyond a reasonable doubt, that the defendant was the guilty agent, or one of the guilty agents, in the commission of the crime. To do this the state was forced to rely entirely upon circumstantial evidence. In such cases the humane provision of the law is that:

"No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act charged; then the defendant is not shown to be guilty by that high degree of proof the law requires."

This is a rule of law that, in cases such as the one at bar, should be given in charge to the jury for their guidance in making up their verdict. Cannon v. State, 17 Ala. App. 82, 81 South. 860.

It therefore becomes important to carefully scan the testimony admitted in evidence for the purpose of connecting defendant with the commission of the crime. It sometimes happens that, where the commission of the crime itself is clearly established, little or no evidence is required to impress the minds of the jury of the defendant's guilt; but it should always be borne in mind that evidence connecting defendant with the crime should be clear and convincing, so as to exclude every reasonable doubt of defendant's guilt. To this end circumstances which do not connect the defendant with the commission of the crime charged, or point to his guilt, should be carefully excluded.

In some cases testimony of this character might be said to be error without injury, but not so when the facts proven are sought to be made a part of the chain of circumstances upon which the state asks a conviction for crime.

There was a letter addressed to Bill Lisle, another party, upon which was a list of articles purchased by defendant and Lisle from a merchant near where the still was found. This list was made out by the clerk who sold the goods, and not by defendant.

On the margin of the letter was a list of items found in the cave; but this list was not in the handwriting of defendant, nor is he shown to have had any connection with it. The clerk who made out the bill of goods sold to Lisle and defendant testified that some 15 days before the finding of the still in the cave, he made out the bill for the goods purchased, on the back of the letter to Lisle, and handed it to Ballentine, the defendant. The letter was found by the officers in a pocket of a coat found in the cave. This coat was never identified as being the property of defendant. The question involved as to the admissibility of this evidence does not concern the genuineness of the writing, but was offered for the purpose of showing that defendant had at some time subsequent to the purchasing the bill of goods from Whitten visited the cave where the still was found. The paper was identified as having been given to defendant by Whitten about 15 days before the burning of Pruitt's store, which was the time of the finding of the still, and the same paper being found in the cave is a circumstance, however slight, tending to trace the defendant to the scene of the crime. 16 C. J. 550.

The marginal list on the letter presents a different question. If the list was made by defendant, it, being a complete inventory of the property in the cave, might tend to connect the defendant with the possession and shed light upon who had manufactured the whisky. And therefore, before this list would be admissible in evidence, it would be necessary for the state to identify the list as the act of defendant, or connect him with having procured it to be done. 1 Greenleaf on Ev. par. 49; Ex parte Edmunds, 203 Ala. 349, 83 South. 93; Burton v. State, 107 Ala. 108, 18 South. 284. The defendant is seen in possession of a certain letter; shortly thereafter a crime is committed at another place. The letter, being identified, is found at the scene of the crime. The question is not who wrote the letter, but is it the same letter? There is writing on the letter tending to connect defendant with the commission of the crime further than his bare presence. This writing, to be admissible, must be shown to have been the act of defendant, or done at his instance.

[2] The state introduced evidence as to cans found in the cave, and then proved by the witness Pruitt the size of cans left by him on the roadside about three miles from this cave. This evidence was entirely irrelevant to any issue and should have been excluded.

Is the evidence disclosed by this record sufficient to support a conviction?

[3] Concede that the corpus delicti is established, and we hold that there is sufficient evidence for this purpose. Concede that defendant at some time prior to the finding of the still visited the cave where the still was located, and we have seen that there was a slight circumstance from which this fact may be inferred, still the state lacks evidence to connect the defendant with the manufacture of whisky, or that he ever saw any manufactured.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.