(100 So. 571)

## HOBDY v. STATE.  (4 Div. 844.)

(Court of Appeals of Alabama. June 10, 1924.)

1. Intoxicating liquors ⬅➡238(2) — Accused connected with offense only by suspicion entitled to affirmative charge.

In a prosecution for possessing a still, where there was nothing but suspicion to connect the accused with the alleged offense, he

was entitled to the general affirmative charge requested in writing.

**2. Intoxicating liquors ⬅236(1)—Guilt of accused must be proved beyond reasonable doubt.**

In a prosecution for violation of the prohibition laws, the state must prove the guilt of defendant beyond a reasonable doubt.

**3. Criminal law ⬅552(1)—If circumstances can be reconciled with theory that some other person did act charged, accused not proven guilty.**

No matter how strong the circumstances, if they can be reconciled with theory that some person other than accused may have done the act charged, accused is not proven guilty.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Solomon Hobdy was convicted of possessing a still, and appeals. Reversed and remanded.

McDowell & McDowell, of Eufaula, for appellant.

The affirmative charge, requested by defendant, should have been given.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was evidence sufficient to sustain the conviction. Allen v. State, 18 Ala. App. 346, 92 South. 18.

FOSTER, J. [1] The appellant was convicted for possessing a still. The evidence for the state tended to show that certain witnesses found at a house, where defendant was "reputed" to live, a 10 or 12 gallon lard can which was smutty all over the bottom, a lid that went on the can, a pipe that fit a hole in the lid, 12 or 15 gallons of cane skimmings and meal, the kind of beer used for making whisky, that the beer contained alcohol. The defendant was working in a field 150 or 200 yards from the house. He had been seen at the house once before, and went to the house and changed part of his clothing.

The owner of the place, Mr. Belcher, and other witnesses, testified that the defendant did not live at that house; that Arthur Hobdy, the brother of the defendant, rented the place; that Arthur's mother and sister lived at the house; and that the defendant lived with Arthur a short distance away at another house on the Belcher place. The defendant was hired by the month as a farm hand to his brother Arthur, and was working in Arthur's crop the day the officers arrested him.

The evidence that defendant's mother and sister lived at the house where the still was found and that the defendant was a hired hand of his brother Arthur was without con-

flict. The evidence for the state at most showed that the defendant was "reputed" to live at the house, and that he had been seen there once at night, and that he changed his clothes there when he was arrested. There is nothing in the evidence to show that he had possession or control of the premises (rented by his brother and occupied by his mother and sister) and nothing to connect him directly or inferentially with the possession of the articles described by the officers as a still, beer, etc.

[2] He may be guilty. But the same rules of evidence obtain in prosecutions for the violation of the prohibition laws as in other criminal cases, and the state is required to prove by the evidence beyond a reasonable doubt the guilt of the defendant before a conviction can be had. There is nothing in this case but suspicion to connect the defendant with the possession of the still. He was "reputed" to live at the house. The owner of the property said the defendant did not live there. The lessee said he did not live there—and certainly his mother and sister did live there. The articles found may have belonged to and been in the possession of his mother rather than himself.

[3] No matter how strong the circumstances, if they can be reconciled with the theory that some other person to the exclusion of the defendant may have done the act charged, then the defendant is not shown to be guilty by that high degree of proof the law requires. Cannon v. State, 17 Ala. App. 82, 81 South. 860; Ballentine v. State, 19 Ala. App. 261, 96 South. 732; Gay v. State, 19 Ala. App. 238, 96 South. 646.

The defendant was entitled to the general affirmative charge requested in writing, and for its refusal the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.