(104 So. 556)

## PARSONS v. STATE.   (6 Div. 670.)

(Court of Appeals of Alabama.   May 19, 1925.)

1. Intoxicating liquors ⟨key⟩236(19)—Conviction of manufacturing held not warranted.

Evidence *held* insufficient to warrant conviction of manufacturing prohibited liquors.

2. Intoxicating liquors ⟨key⟩236(1)—Mere suspicion, surmise, and conjecture insufficient to warrant conviction.

Mere suspicion, surmise, and conjecture is insufficient to warrant conviction of violating prohibition laws.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Taylor Parsons was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant.

Defendant was entitled to the affirmative charge. Ballentine v. State, 19 Ala. App. 261, 96 So. 732; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Guin v. State, 19 Ala. App. 67, 94 So. 788; Short v. State, post, p. 695, 101 So. 926.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The affirmative charge was properly refused, since there is sufficient testimony to sustain a conviction.

RICE, J.   The defendant was convicted of the offense of distilling, etc., and appeals.

[1] The evidence, in its strongest aspects for the state, was to the effect that "some liquor and a still were found about 300 yards from what is described as the 'Goode Franklin place or house'; that it was not known who lived there; that some rubber shoes, a sack of rice, four empty sugar sacks, some letters addressed to Bill Hougue, a bill to Taylor Parsons (the defendant), marked paid, from Huey Grain Company, Bessemer, Ala., for four sacks of sugar were found in the house; that the still was about a 400-gallon copper still, full of beer (at the time); that in the house was also a wool shirt with charcoal in it, that smelled of whisky; that the still was not in operation; that it was not

in any inclosure, but in the open woods; that there was a plain path leading from the house to the still; that in it were tracks made with rubber shoes; that defendant in the spring of the year in which the above things were found agreed with Goode Franklin, the owner of the house in question to rent the place for the year, but that he was never seen there."

The defendant denied any ownership of, knowledge of, or connection with, the still or liquor.

[2] Upon testimony substantially as above, and no stronger, the defendant was adjudged guilty of a felony. Manifestly the conviction cannot stand. It was not shown that defendant was ever at or anywhere about the still, or that he had even taken charge of, or been to, or stayed at, the house in question, or that he was connected in any way with the offense charged. It is unnecessary for us to pass upon the exceptions reserved to the admission of testimony—a number of which exceptions appear to have merit—for the reason that in the view we take of the case the defendant was entitled to have given at his request the general affirmative charge. This court has many times held that mere suspicion, surmise, and conjecture will not be sufficient upon which to deprive one of his liberty, merely because that one may be charged with a violation of some phase of our very salutory prohibition laws.

For the refusal to give the general affirmative charge in his behalf, duly requested by the defendant, the case is reversed and the cause remanded. Ballentine v. State, 19 Ala. App. 261, 96 So. 732.

Reversed and remanded.