MATHEWS v. STATE. (4 Div. 191.)

(Court of Appeals of Alabama. Dec. 15, 1925. Rehearing Denied Jan. 19, 1926.)

1. Criminal law ⚫️1128(2)—Statement in brief not borne out by the record is unavailing.

Statement in brief that trial was had during absence of defendant's counsel cannot avail on appeal, where there is nothing in the record bearing it out; it being only to the record the Court of Appeals is authorized to look.

On Rehearing.

2. Intoxicating liquors ⚫️236(6½)—Evidence held insufficient to sustain conviction of possessing prohibited liquors.

Evidence of finding whisky in the woods covered with leaves and that defendant had been in close proximity to it, without evidence that he ever had it in his possession or knew it was hidden, *held* insufficient to sustain conviction of possessing prohibited liquors.

3. Criminal law ⚫️552(3)—Where evidence circumstantial, there must be complete chain connecting defendant with crime.

Where evidence offered is entirely circumstantial, there must be a complete chain connecting defendant with the crime charged.

Rice, J., dissenting.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

John Mathews was convicted of violating the prohibition laws, and he appeals. Reversed and remanded on rehearing.

O. S. Lewis, of Dothan, for appellant.

A conviction cannot be permitted to stand, unless the evidence, to a moral certainty, excludes every other reasonable hypothesis but that of guilt of defendant. Gay v. State, 19 Ala. App. 238, 96 So. 646; Watts v. State, 19 Ala. App. 549, 98 So. 914; Cannon v. State, 17 Ala. App. 82, 81 So. 860; Ballentine v. State, 19 Ala. App. 261, 96 So. 732; Hobdy v. State, 20 Ala. App. 44, 100 So. 572. To constitute possession, the party charged must have either a property interest, or manucaption, or physical dominion thereof. Harbin v. State, 210 Ala. 55, 97 So. 426.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was no error in the trial or admission of evidence: 13 C. J. 182; 16 C. J. 455; Hodge v. State, 97 Ala. 37, 12 So. 164, 38 Am. St. Rep. 145.

RICE, J. Appellant was convicted of the offense of violating the prohibition laws by having whisky in his possession.

[1] The evidence was sufficient to support the verdict returned. The statement made by counsel for appellant in brief on this appeal that the trial was had in the court below during the absence of said counsel cannot avail here, even though true, for a number of reasons, but specifically because nothing in the record bears out the said statement, and it is only to the record we are authorized to look.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.

On Rehearing.

SAMFORD, J. (for the majority). [2] The defendant is charged by affidavit with having in his possession prohibited liquors. There is evidence that there was some whisky found by the officers out in the woods covered with leaves; there is evidence that defendant was or had been in close proximity to the liquor; but there is no evidence that defendant ever had the liquor in his possession, or knew that it was hidden under the leaves at the place it was found. Harbin v. State, 210 Ala. 55, 97 So. 426.

[3] The evidence offered is entirely circumstantial. Where this is the case, there must be a complete chain connecting defendant with the crime charged. Hobdy v. State, 20 Ala. App. 44; 100 So. 571.

The application must be granted, the former judgment of affirmance set aside. The motion for a new trial should have been granted, and for the error in overruling the motion the judgment is reversed and the cause is remanded.

RICE, J. (dissenting). My Associates, on appellant's application for a rehearing hold to the opinion that "there is no evidence that defendant ever had the liquor in his possession, or knew that it was hidden under the leaves at place it was found" (though this last would not seem to affect his guilt). I cannot concur, and have thought it well to state my views. The state's evidence was, substantially: That some officers drove up in the street (of Ozark, Ala.) and stopped in 40 or 50 yards of defendant's house. The defendant came out of his house, in sight of an officer who was looking, stepped in his car, and drove in a hurry in the direction of Double Bridges, about one-half mile outside the corporate limits of the town of Ozark. That this officer, with another who had been standing close by, at once drove behind defendant, in a car, as fast as they could, but that defendant got out of their sight. That about one-half mile from town (Ozark) they found defendant's car standing on the side of the road—the same car they saw him leave his house in. That it had just quit raining a short while—something like 30 minutes. That there had been a heavy rain, and defendant's tracks where he had jumped out of the car and run through the woods could be seen. That defendant first went through a little muddy place, and the officers started that way and met him coming back towards his car. That the officers could see the tracks on the ground there at defendant's car. That they asked defendant what he was doing down there, and he said nothing. That they tracked him on about 50 or 60 yards from where his car was, down in the woods and got down there where there was some leaves and pine straw on the ground, and they saw where the leaves and the pine straw had been disturbed since the rain, and they scratched in there and found about a half a gallon of whisky in a fruit jar, and three other small bottles with whisky in them. That all the whisky was found in a place 10 or 12 feet around, right there together. That the tracks from the car went right straight where this whisky was, and then circled. That the officers only saw the track of one person; those tracks leading from where defendant's car was stopped to the place where the whisky was found, and then back around. That defendant was the only man that was down there (other than the two officers). That it was in Dale county, just after dinner on Sunday, June 1, 1924. That defendant as he came up to the officers was making tracks that corresponded exactly with the tracks leading from his car to the place where the whisky was found, and then circled around.

That the officers did not see defendant with any whisky in his hand. The defendant denied any connection with the whisky—said he was down there where the officers found him looking for a deck of cards that had been left the night before, under the leaves.

Upon this evidence the defendant was found guilty by a jury of unlawfully having in his possession whisky. The trial judge overruled his motion for a new trial, and this appeal results. No prejudicial error intervened during defendant's trial, and if the evidence supports the verdict there is no reason to reverse the case. That much is conceded by my Associates.

The first headnote in the case of Cannon v. State, 17 Ala. App. 82, taken from the report of the case in 81 So. 860, I think, succinctly states the law of this state as it governs convictions on circumstantial evidence. It is as follows:

"Where evidence tending to connect defendant with the crime is entirely circumstantial, it is insufficient to warrant conviction, unless to a moral certainty it excludes every other reasonable hypothesis than that of defendant's guilt."

The converse, of course, is that if it does exclude every other reasonable hypothesis, it will support a conviction. This latter, I think, is in this case true. Of course, it is possible that the defendant is not guilty. That would have been true had the officers sworn they saw him with the whisky in his hands. They might have been laboring under a hallucination. But the word "reasonable" being written into the law governing, I think the jury were authorized to find as they did from the evidence in this case. I see no need to labor for illustrations substantiating the view I take. My Associates and I simply disagree as to the fact of the sufficiency of the evidence to support the verdict, and I have said this much to explain why I dissent from their holding.