(112 So. 540)

TUGGLE v. STATE.  (8 Div. 559.)

Court of Appeals of Alabama. April 19, 1927.

Stell & Quillin, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. ■ The trial was had before the judge sitting without a jury. The evidence discloses a five-gallon jug of whisky on lands of defendant, in the woods, and in a

90

hole where an old stump had been, with some leaves over it. The point where the jug was found was variously estimated from 150 yards to one-fourth of a mile from defendant's house. The nearest the defendant was ever shown to have been to the place where the whisky was found was in a cultivated field in which he worked, the edge of which was about 50 yards from where the whisky was found. About 150 or 200 yards from where the whisky was found, there were about 100 empty bottles belonging to defendant. These were ordinary beer bottles, with nothing to indicate a connection with the whisky, but the bottles were claimed by defendant and were in the edge of defendant's field. There being no connection shown between the bottles found and the whisky, the bottles were not a part of the res gestæ and evidence relating to them was illegal and irrelevant.

Human liberty is too sacred and has been too dearly bought to authorize a conviction, except upon legal evidence connecting the defendant with the commission of a crime, and that beyond a reasonable doubt. Facts which would warrant a suspicion, however strong, do not overcome the presumption of innocence. The defendant should have been acquitted. Frederick v. State, 20 Ala. App. 336, 102 So. 146; Ammons v. State, 20 Ala. App. 283, 101 So. 511; Bush v. State, 20 Ala. App. 486, 103 So. 91; Johnson v. State, 20 Ala. App. 598, 104 So. 352.

The judgment is reversed and the cause is remanded.

Reversed and remanded.