(123 So. 291)

### EUDY v. STATE.  (8 Div. 745.)

Court of Appeals of Alabama.   June 25, 1929.

D. Isbell, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   The evidence for the state in its strongest aspect tends to prove a still found by the officers in a clump of woods 335 yards from defendant's house and in defendant's pasture; a path leading from the still to defendant's barn, which was across the road from the dwelling. Defendant was not at home when the still was found, nor was he ever seen in the pasture, and no evidence tends to prove that defendant ever knew that there was a still so located, save such inference as might be drawn from the fact that the still was on his land. On the contrary, the testimony of defendant was to the effect that he was a man of good character; that he had other business which kept him away from home in the daytime; that he had no occasion to, and never went into, the pasture; that he knew nothing about the still and had nothing to do with it; that there were other parties living as close to the still as was defendant's dwelling.

It would be a dangerous doctrine to lay down a rule that the constructive possession incident to the location of a still in a pasture owned by a defendant, in which there were paths made by stock, leading from a spring branch to defendant's barn, is sufficient evidence upon which men may be convicted of felony and sent to the penitentiary.

The defendant was entitled to the general affirmative charge, and for the error in this respect the judgment is reversed and the cause is remanded. Whited v. State, 22 Ala. App. 492, 117 So. 396; Suggs v. State, 22 Ala. App. 311, 115 So. 289; Clayton v. State, 22 Ala. App. 276, 114 So. 787; Tuggle v. State, 22 Ala. App. 89, 112 So. 540; Parsons v. State, 20 Ala. App. 615, 104 So. 556.

Reversed and remanded.