(137 So. 923)

**Barney MORRIS and John Morris v. STATE.**

4 Div. 825.

Court of Appeals of Alabama.
Nov. 24, 1931.

Sollie & Sollie, of Ozark, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Nothing of value would be added to the body of our law by any discussion of the testimony in this case, seeking to demonstrate just why we have reached the conclusion that appellant's motion for a new trial should have been granted.

But, suffice to say, we have read and carefully considered, the entire evidence, sitting en banc.

We have no difficulty in deciding that it was entirely insufficient to support the verdict of the jury, and the judgment rendered thereon, under the well-known rule prevailing.

For the error in overruling appellant's motion for a new trial, the judgment is reversed, and the cause remanded. See Mathews v. State, 21 Ala. App. 231, 106 So. 889.

Reversed and remanded.

(130 So. 925)

**Ed MORROW v. STATE.**

1 Div. 952.

Court of Appeals of Alabama.
Sept. 9, 1930.

PER CURIAM.

Appeal dismissed on motion of appellant.

(138 So. 924)

**Bowden MORTON v. STATE.**

6 Div. 40.

Court of Appeals of Alabama.
Dec. 15, 1931.

BRICKEN, P. J.
Appeal dismissed.

(133 So. 925)

**Comer MOSELEY v. STATE.**

3 Div. 685.

Court of Appeals of Alabama.
Jan. 13, 1931.

Rehearing Denied April 7, 1931.

SAMFORD, J.
Affirmed.

(131 So. 924)

**W. R. MOSLEY v. STATE.**

5 Div. 821.

Court of Appeals of Alabama.
Dec. 16, 1930.

RICE, J.
Affirmed.

(136 So. 926)

**Ocie MUNROE v. STATE.**

5 Div. 824.

Court of Appeals of Alabama.
March 3, 1931.

Rehearing Denied Aug. 4, 1931.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

This case was fairly tried before a jury. The questions raised on the admission of testimony are elementary and simple. The court committed no error in any of its rulings which would injuriously affect defendant's case.

Just a simple charge: A whisky still located on defendant's premises near his house. His wife engaged with a man in making whisky. The defendant in about 75 yards of the still plowing. Testimony that he knew about the still and what was going on. He bought the sugar and procured the meal to make the beer and employed the man to make the whisky. It was a jury question, and we find no prejudicial error.

Let the judgment be affirmed.

Affirmed.