(136 So. 432)

## SCOTT v. CITY OF TROY.

### 4 Div. 805.

Court of Appeals of Alabama.

Aug. 4, 1931.

A. G. Seay, of Troy, for appellant.

J. L. Giddens, of Troy, for appellee.

RICE, J.

BRICKEN, P. J.

■ But one question is presented on this appeal by the single assignment of error wherein it is insisted that the court erred to a reversal in refusing to the defendant the general affirmative charge requested in writing. Under the uniform decisions of this court and of the Supreme Court, this appellant was entitled to said charge, as there was no evidence adduced upon the trial of this case tending to connect her with the commission of the offense with which she was charged. It has many times been held that

the mere finding of a bottle containing prohibited liquor upon the premises of a person, without any evidence tending to connect such person with the possession thereof, and without any evidence of guilty scienter, is not sufficient upon which to sustain a conviction for the possession thereof. Such was the evidence in this case, and, in addition to the failure of proof upon the part of the prosecution to sustain the charge, the evidence in this case affirmatively disclosed that this appellant knew nothing about the bottle containing prohibited liquor in her house, and further it affirmatively appeared that another, one Millard Whatley, testified without dispute that the bottle in question belonged to him; that he put it in the house where it was found by the officers, and that this appellant did not know anything about his having done so.

The authorities cited by counsel for appellant are each in point. Many other cases of similar import could also be cited. Upon authority of the cases cited the judgment of conviction from which this appeal was taken must be reversed and the cause remanded. See Ammons v. State, 20 Ala. App. 283, 101 So. 511; Parsons v. State, 20 Ala. App. 615, 104 So. 556; Tuggle v. State, 22 Ala. App. 89, 112 So. 540. In the Tuggle Case, Samford, J., for the court said: "Human liberty is too sacred and has been too dearly bought to authorize a conviction, except upon legal evidence connecting the defendant with the commission of the crime, and that beyond a reasonable doubt. Facts which would warrant a suspicion, however strong, do not overcome the presumption of innocence"—citing numerous cases of like import. See, also, Phillips v. State, 22 Ala. App. 97, 112 So. 810; Clayton v. State, 22 Ala. App. 276, 114 So. 787; Copeland v. State, 23 Ala. App. 91, 121 So. 445.

The judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.