(139 So. 832)

## JONES v. STATE.

### 8 Div. 373.

Court of Appeals of Alabama.

Feb. 16, 1932.

BRICKEN, P. J.

PER CURIAM.

Reversed and remanded on authority of Barber v. Alabama Great Southern R. Co., 139 So. 831.

Thos. C. Pettus, of Moulton, and Henry D. Jones, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, J.

A complete whisky distilling outfit was found, not on appellant's land, about fourteen miles from Moulton. On the day it was found by the officers, and just a short time prior to the time of its discovery, appellant was seen by said officers, about one-half mile from Moulton driving his car southward, in the general direction of the still. The officers followed.

About eight miles from Moulton, appellant made a short stop, at the house of one Farley. Running from his car, where it had stopped, almost to Farley's house—from the roadway —then back to the car, he proceeded.

As the officers "drove faster," he "drove faster."

Some fourteen miles out from Moulton, appellant's car was stopped, at the house of one Sutton. Appellant was seen no more by the officers.

Between a quarter of a mile and a half mile from Sutton's house, the still, etc., was found.

Some barrels were found there with a tag, or brand, on them bearing, or of, the name "E. R. Jones Cash Store"—the name under or by which appellant operated a grocery store in Moulton.

The next day, similar tags, and sugar with a similar brand to that on the barrels at the still, were found at appellant's store in Moulton.

That is all.

Suspicious? Yes. But that is not enough.

The circumstances here shown, we do not regard as being any stronger for the state, if as strong, as those outlined in the opinion in the case of Parsons v. State, 20 Ala. App. 615, 104 So. 556. And in that case we held, correctly we believe, that the appellant should have had given at his request the general affirmative charge to find in his favor.

In the instant case we content ourselves by stating that we are of the opinion that appellant's motion to set aside the verdict of the jury, and the judgment of conviction rendered thereon, should have been granted.

For the error in its refusal, the judgment of conviction is reversed and the cause remanded. Parsons v. State, supra. And see Ballentine v. State, 19 Ala. App. 261, 96 So. 732.

Reversed and remanded.