155 So. 388

## ALFORD v. STATE.
### 3 Div. 749.

Court of Appeals of Alabama.
June 12, 1934.

C. B. Fuller, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

After an attentive, careful consideration of the entire record in this case, we have reached the conclusion that error prevailed in the action of the court by overruling and denying defendant's motion to set aside the verdict of the jury and grant him a new trial.

Appellant was charged by affidavit of one of the state witnesses with the offense of violating the prohibition laws of the state by having prohibited liquors or beverages in his possession. The affiant and another state witness, admittedly on bad terms with appellant, testified to having found, on the day specified, three pints of whisky on the sill under the house of this defendant. There was no testimony tending to connect this appellant with the whisky and nothing to show that he had any knowledge of the whisky being under his house. Defendant testified he had no connection with or knowledge of the whisky in question and this evidence appears to be without conflict. The only incriminating facts to in any manner connect the accused with the possession of the whisky was the

evidence of the above-mentioned state witnesses as to certain alleged statements made by the defendant to said witnesses after the whisky had been found. This evidence does not coincide. It is materially different, and this, in connection with other evidence adduced, leads us to the conclusion that the defendant was not accorded the fair and impartial trial which the law contemplates and guarantees to every person on trial charged with the commission of crime. We think the unauthorized manner of cross-examination of witnesses by the solicitor, wherein his questions assumed as a fact that the defendant had been guilty of other crimes wholly disconnected from the charge involved upon the trial of this case, was prejudicial to the substantial rights of the accused and tended to influence the jury adversely in its deliberations. Other incidents of the trial of this case in the court below clearly militated the fair and impartial trial to be accorded to one charged with the commission of crime.

The law is, and this court has repeatedly held, that the mere finding of prohibited liquors upon the premises of a citizen is insufficient of itself to sustain a prosecution wherein he is charged with the possession thereof. Scott v. City of Troy, 24 Ala. App. 453, 136 So. 432; Ammons v. State, 20 Ala. App. 283, 101 So. 511; Parsons v. State, 20 Ala. App. 615, 104 So. 556; Tuggle v. State, 22 Ala. App. 89, 112 So. 540.

Reversed and remanded.