182 So. 89

### CAMPBELL v. STATE.

8 Div. 626.

Court of Appeals of Alabama.

June 7, 1938.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The prosecution was begun by affidavit on the 11th day of May, 1935; charging the defendant with the unlawful possession of whiskey. This defendant was arrested on the warrant issued on the 11th day of May, 1935, and some two and a half years afterwards he was put on trial.

The evidence for the State tended to prove that the Sheriff and three of his deputies went to defendant's house, which they searched, and finding no whiskey in the house, they went on the outside and behind a dog house one of the deputies put his hand in a hole in the side of the dwelling and pulled out a Coca-Cola bottle half full of whiskey. There was no evidence tending to prove that this defendant knew the whiskey was there, or that he had any connection with it. There was evidence that there were other parties who might have placed the whiskey at the place it was found.

We have read this record, and while there may be room for suspicion connecting this defendant with a knowledge of the fact that the half Coca-Cola bottle of whiskey was in the place where it was found, there is no such evidence as would authorize a jury to render a verdict of guilty. The presumption of innocence attends a defendant during his trial and until the State produces evidence which convinces the jury, beyond a reasonable doubt, of his guilt. This presumption of innocence is real, and not to be ignored. The law recognizes

this by requiring a high degree of proof before a man on trial for a criminal charge can be convicted. Eldridge v. State, 24 Ala.App. 395, 135 So. 646; Scott v. City of Troy, 24 Ala.App. 453, 136 So. 432; Alford v. State, 26 Ala.App. 188, 155 So. 388.

The judgment is reversed and the cause is remanded.

Reversed and remanded.