TYSON, Judge.
Joe Nathan Rawls, alias, was indicted for the unlawful possession of cocaine in violation of § 13A-12-212(a)(l), Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment, and the trial judge set the sentence at three years’ imprisonment, split with one year’s imprisonment and, thereafter, three years probation.
The only issue raised on appeal is whether the State failed to prove a prima facie case of possession of cocaine. The appellant moved for a judgment of acquittal after the State rested its case. No other motion for a judgment of acquittal or for a new trial was made. Thus, as correctly noted by the State, we must review only that evidence which was before the trial court at the time the motion for a judgment of acquittal was made. The following evidence was before the court when the State rested its case.
At approximately 5:00 p.m. on March 30, 1989, several officers from the Jefferson County Sheriff’s Department executed a search warrant at 505 14th Street Southwest in Birmingham, Alabama. When the officers arrived at this location, a woman, later identified as Daisy Reese, was standing on the front porch. When the officers entered the house, they found six people in the living room. The officers also found the appellant asleep in one of the bedrooms of the house.
At this point, the officers searched for drugs in the house and on the persons found at the house. Marijuana and cocaine were found in a pocket of a shirt worn by Rufus Reese, Daisy Reese’s son. A packet of cocaine was found in the pocket of a shirt worn by Clara Dunner. In the den, the officers found a bag of marijuana and a marijuana cigarette lying on the floor by the sofa. On the dining room table, the officers found a razor blade with cocaine residue and a purse containing $200 in cash. In a bedroom (not the one where the appellant was found sleeping), the officers found several pieces of crack cocaine in a dresser drawer. On top of this dresser, the officers found another razor blade with *243 cocaine residue, cocaine residue inside a jewelry box, two sets of scales, and an envelope addressed to Daisy Reese. On top of a chest of drawers in this bedroom, the officers found a notebook with the word “Cash” written on the front and the name “Daisy Reese.” Two purses were also found in this bedroom. One of the purses, which belonged to Daisy Reese, contained over $2,300 in cash. Some savings bonds were also found in this bedroom. Men’s and women’s clothing were found in the closet in this bedroom. No drugs were found in the bedroom where the appellant was found sleeping or on his person. There was also testimony that the utility bill for the residence located at 505 14th Street Southwest was in the name of Daisy Reese.
Deputy Horton testified that he was present when Deputy Miller asked the appellant where he “stayed.” The appellant replied that he “stayed over in Pratt City.” Miller then told the appellant that he needed an address at which he could serve a subpoena. The appellant responded that Miller could use “this address here.” (R. 205.) Deputy Miller testified that his investigation prior to the execution of the search warrant did not reveal that the appellant lived at 505 14th Street Southwest.[1] Miller stated that when he asked the appellant where he lived, the appellant said that he “lived here sometimes and somewhere on the northside sometimes.” (R. 295.) When Miller told the appellant that he needed “a good address on [him] to know where to send the subpoenas for court” (R. 296), the appellant replied that Miller could “use this one.” (R. 302.)
The appellant was charged with possession of cocaine.
“Three elements are necessary to establish possession of a controlled substance. These are: (1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control. Korreckt v. State, 507 So.2d 558 (Ala.Crim.App.1986); Radke v. State, 52 Ala.App. 397, 293 So.2d 312 (1973), aff'd, 292 Ala. 290, 293 So.2d 314 (1974).
Self v. State, 564 So.2d 1023, 1026 (Ala.Crim.App.1989), cert. quashed, 564 So.2d 1035 (Ala.1990). Clearly, there was no evidence that the appellant was in actual possession of any of the cocaine found in the house.
“Thus, ‘[t]o establish constructive possession, the state must show that the accused had dominion and control of the illegal substance itself or of the premises on which the substance was found. Grubbs v. State, 462 So.2d 995 (Ala.Crim.App.1984); Franklin v. State, 437 So.2d 609 (Ala.Crim.App.1983).’ Hamilton v. State, 496 So.2d 100, 103 (Ala.Crim.App.), cert. denied (Ala.1986). ‘Constructive possession may be determined by weighing facts tending to support a defendant’s necessary control over the substances against facts which demonstrate a lack of dominion and control.’ Korreckt, 507 So.2d at 564 (quoting Crane v. State, 401 So.2d 148, 149 (Ala.Crim.App.), cert. denied, 401 So.2d 151 (Ala.1981)).”
Self, 564 So.2d at 1026.
There is an inference of constructive possession when the controlled substance is found on premises owned or controlled by the accused. Donahoo v. State, 505 So.2d 1067 (Ala.Crim.App.1986). The only evidence that the appellant controlled the house in which the drugs were found was his statements to Deputy Miller that Miller could “use this [address]” to send a subpoena and that he lived at that address “sometimes” and the fact that he was asleep in one of the bedrooms of the house when the search warrant was executed. However, this evidence must be weighed along with other evidence which indicates that the appellant did not have control over this house. Deputy Horton testified that *244 the appellant told Miller that he lived in Pratt City. Further, Deputy Miller stated that his preliminary investigation revealed that the appellant did not live at the house in question, and there was ample evidence presented at trial that Daisy Reese was the occupant of the house. Even when all of this evidence is considered together in the light most favorable to the State, see Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.1978), cert. denied, 368 So.2d 877 (Ala. 1979), we cannot say that there was enough evidence for the jury to reasonably conclude that the appellant had control over the house in which the cocaine was found. Further,
“where a person is in possession, but not exclusive possession of premises, it may not be inferred that he knew of the presence of any controlled substance found there unless there are other circumstances tending to buttress this inference .... While nonexclusive possession may raise the suspicion that all occupants had knowledge of the contraband found, a mere suspicion is not enough. Campbell, [v. State, 28 Ala.App. 240, 182 So. 89 (1938) ]. What is required is some evidence that connects the defendant with the contraband found.”
Temple v. State, 366 So.2d 740, 743 (Ala.Crim.App.1978).
Here, we find absolutely no evidence which connects the appellant with any of the cocaine found in the house. Certainly, the appellant had no connection with the cocaine found on Clara Dunner and Rufus Reese. The State did not prove that the appellant had knowledge of the cocaine which was found in a bedroom other than the one occupied by the appellant, which was where the vast majority of the cocaine and drug-related items were found. To the contrary, the State presented a great deal of evidence which connected Daisy Reesé to the cocaine which was found in this bedroom. Most of the cocaine which was found in this bedroom was concealed from plain view in the dresser drawers or in the jewelry box. An envelope addressed to Daisy Reese and a purse which belonged to Daisy Reese containing a large amount of cash were also found in this bedroom. A notebook with the word “Cash” and the name “Daisy Reese” written on it was also found in this bedroom. Although some men’s clothing was found in this bedroom, the State presented no evidence that these items of clothing belonged to the appellant, and no inference can be made that these clothes belonged to the appellant in light of the fact that there were five other men, including Daisy Reese’s son, present in the house at the time the search warrant was executed.
At the time the State rested its case,[2] there was no evidence that the appellant and Daisy Reese had any relationship with each other. Further, there was no evidence that the appellant had knowledge of the small amount of cocaine residue found on the razor blade on the dining room table, particularly in light of the fact that a purse was found nearby. No cocaine was found on the appellant’s person nor in the room where the appellant was found by the police. “Before a conviction can be obtained there must exist some affirmative link between the accused and the illegal substance. Specifically, there must be sufficient evidence to prove beyond a reasonable doubt that the accused had dominion and control over the substance.” Hamilton v. State, 496 So.2d 100, 104 (Ala.Crim. App.1986).
Here, there was no link between the appellant and the cocaine found in the house. Thus, the State failed to prove a prima facie case of possession of cocaine with regard to this appellant. See Temple (no connection between defendant and cocaine found in the refrigerator of his home while he was at work); Williams v. State, 340 So.2d 1144 (Ala.Crim.App.1976), cert. denied, 340 So.2d 1149 (Ala.1977); (“[djespite the evidence that the defendant had
*245 control of the truck [which belonged to another] and access to the bed of the truck, that marijuana was found in the cab of the truck among items belonging to the defendant, that the defendant was present when the search was conducted, that the defendant admitted having used cocaine in the past, and that cocaine was found inside the defendant’s residence and on his person, this court held that there ‘was absolutely nothing which would provide a connection between appellant and the cocaine discovered in the [bed of the] truck, from which the jury could have reasonably inferred appellant’s knowledge of the presence of the cocaine.’” Self, 564 So.2d at 1027-28, quoting Korreckt, 507 So.2d at 566). Compare, Finch v. State, 553 So.2d 685 (Ala.Crim.App.1989) (evidence that defendant, who had no contraband on her person but who was found in a “crack house” with cocaine 18 inches from her head, was sufficient for conviction of possession of the cocaine nearest her); Beggs v. State, 568 So.2d 377 (Ala.Crim.App.1990) (defendant’s knowledge of presence of cocaine throughout the house can be inferred from the fact that the cocaine found in her purse was packaged in the same manner as other cocaine found in the house, the fact that she observed a drug transaction right outside the house shortly before the search, the fact of the sheer quantity of the contraband located throughout the house, and the fact that the regular occupant of the house was out of the state); Heath v. State, 485 So.2d 1226 (Ala.Crim.App.1986) (evidence that defendant was in room in which cocaine was found during search of residence of defendant’s brother presented jury question as to whether defendant possessed cocaine); Desimer v. State, 535 So.2d 238 (Ala.Crim.App.1988) (evidence created jury question whether defendant possessed cocaine that was in plain view a few feet from the defendant even though defendant did not have exclusive possession of premises).[3]
The judgment of the trial court is reversed and judgment is rendered.
REVERSED AND RENDERED.
All the Judges concur.

. In fact, the affidavit supporting the search warrant, which is sworn to by Deputy Miller, states that his informant told him that 505 14th Street Southwest was the residence of Daisy Reese and Donnell Wayne Reese and his independent investigation revealed that 505 14th Street Southwest "was in fact the residence of Daisy Reese and Donnell Wayne Reese.” (R. 591.) Deputy Miller testified to these same facts during the suppression hearing. (R. 6-7.)

. “Testimony given after the State had rested its case and the motion to exclude had been presented, cannot be used to support the verdict of the jury.” Williams v. State, 340 So.2d 1144, 1145 (Ala.Crim.App.1976), cert. denied, 340 So.2d 1149 (Ala.1977). "Even if subsequent testimony could have been considered, it was still insufficient here to show the requisite knowledge or possession.” Williams, 340 So.2d at 1145, n. 1.

. We should also note that the only persons arrested for the offense in question were Daisy Reese, Clara Dunner, Rufus Reese, and the appellant. The other four persons who were present when the search was conducted were not arrested.